OUTCALT v OUTCALT

1. Divorce—Child Custody—Appeal and Error.

An appellate court reviews a child custody case *de novo* and exercises independent judgment in passing upon the evidence.

2. Divorce—Child Custody—Change of Custody—Burden of Proof.

The party moving for modification of the child custody provisions of a judgment of divorce bears the burden of proving such a change in circumstances as would justify a change of custody on the basis of the welfare and best interests of the children; absent a clear preponderance of the evidence that the rights, best interests, and welfare of the children involved would be served by the custody change sought, no change should be made.

3. Divorce—Child Custody—Change of Custody.

An order changing custody of children constituted an abuse of discretion where the testimony at the custody hearing created nothing more than an evidentiary standoff between the parties (MCLA 722.28).

Appeal from Mason, Charles A. Wickens, J. Submitted Division 3 March 7, 1972, at Grand Rapids. (Docket No. 12651.) Decided April 28, 1972.

Complaint by Judy L. Outcalt against David L. Outcalt for divorce. Divorce granted. Defendant's motion for change of custody of the parties' children granted. Plaintiff appeals. Reversed.

*Herrinton, Herrinton & Hughes,* for plaintiff.

*Roper, Meyers, Hann & Knoll* (by *David M. Hall),* for defendant.

References for Points in Headnotes
[1] 24 Am Jur 2d, Divorce and Separation §§ 779, 785.
[2] 24 Am Jur 2d, Divorce and Separation § 819.
[3] 24 Am Jur 2d, Divorce and Separation § 812 *et seq.*

Before: T. M. BURNS, P. J., and FITZGERALD and DANHOF, JJ.

T. M. BURNS, P. J. Plaintiff and defendant were divorced on August 11, 1970. Plaintiff was awarded care, custody, and control of the two minor children. On August 2, 1971, defendant filed a motion and an affidavit in support thereof for change of custody. On August 13, 1971, plaintiff filed an affidavit in opposition to defendant's motion for change of custody.

A hearing upon defendant's motion was had on September 2, 1971. The court granted a change of custody of the children from plaintiff wife to defendant husband. Plaintiff appeals.

At the time of the hearing, defendant had remarried, having married his third wife shortly after the divorce from plaintiff. His present wife has a son by a previous marriage and another child was born of this union. Plaintiff has remained unmarried since she and defendant were divorced.

At the hearing there was much testimony by defendant and three of his acquaintances about the unkept manner of plaintiff's house, the fact that the children of the parties at times missed meals and were poorly dressed, that a man had been seen sleeping on plaintiff's couch, that plaintiff was a bar maid, and that defendant's present wife did not work and would be able to care for the children.

Plaintiff and an acquaintance of hers testified to the contrary as to all of the testimony on defendant's behalf. Two of the children's teachers also testified on plaintiff's behalf that the children were neat and clean, did not appear hungry at any time, had average attendance records, and that

plaintiff took more than an average interest in their progress at school. The teachers also testified that they had never seen defendant at the schools for any purpose.

Plaintiff also testified that she and the children attended church regularly, prayed in the house, and that she encouraged the children to take an interest in books. After hearing all of the testimony, the trial court ruled in defendant's favor and ordered the change in custody.

In a child custody case an appellate court reviews the matter *de novo* and exercises independent judgment in passing upon the evidence. *Mahder v Soule,* 207 Mich 40, 48 (1919).

Our review of the testimony leads us to the opposite conclusion as that reached by the trial court. On defendant's behalf defendant, three acquaintances, his wife, and the friend of the court testified. On plaintiff's behalf plaintiff, an acquaintance, two of the children's teachers, the owners of a day-care center who were familiar with the children, and plaintiff's father and mother testified. In our opinion, the testimony elicited on behalf of defendant at best amounted to an evidentiary standoff. And clearly, the burden was on defendant, as the moving party, to establish by a preponderance of the evidence that there was such a change in circumstances as to justify a change in custody.

"As to the question on the merits, no useful purpose would be served by long quotations from, or analysis of the testimony.

"In this, as in all cases involving minors' custodial control, 2 principles of law are involved. One is the natural right of a parent or parents to the custody of their child or children. This is well recognized and well settled in this jurisdiction. It contemplates the parental

right to the care, upbringing, and education of the child. But this right is not absolute. For children too have rights and when they are violated by the parents in the exercise of their custodial control, then the children become subject to judicial control as wards of the court. The overriding consideration then becomes the best interests of the children to which all other considerations must yield.

"It is fundamental that appellee wife [defendant husband here] as the moving party bore the burden of proof to show such change in circumstances as would justify a change of custody on the basis of the welfare and best interest of the children. Sufficient to say, all the testimony of both divorced parties would create nothing more than an evidentiary standoff. Absent a clear preponderance of the evidence that the rights, best interests, and welfare of the involved children would be served by the custodial change sought, no change should be made. Such preponderance does not appear.

"We are not disposed to decide custody herein on the basis of the conflicting and largely self-serving testimony of the divorced parents. Testimony which would impel any change for this reason is lacking and for this reason the order modifying the decree is reversed." *Hentz v Hentz,* 371 Mich 335, 346–347 (1963).

We find nothing in the Child Custody Act of 1970[1] that conflicts with the principles set forth in the above statement. Section 7[2] of that act provides in part:

"(c) [T]he court shall not modify or amend its previous judgments or orders or issue a new order * * * unless there is presented clear and convincing evidence that it is in the best interest of the child."

In our opinion such clear and convincing evidence is lacking in the instant case. We hold that

---

[1] MCLA 722.21 *et seq.;* MSA 25.312(1) *et seq.*

[2] MCLA 722.27; MSA 25.312(7).

the trial court's findings are against the great weight of the evidence and that the trial court's order placing the children with defendant and his third wife is an abuse of discretion. The court's order is, therefore, reversed. MCLA 722.28; MSA 25.312(8).

The order of the trial court modifying the judgment of divorce is reversed with the provision, however, that the children will remain with defendant until the current school term ends on June 7, 1972. Costs to plaintiff.

All concurred.