BAHR v BAHR

1. Divorce—Child Custody—Findings of Fact—Appeal and Error
   —Statutes.

   All orders and judgments of the circuit court in a child custody
   dispute shall be affirmed on appeal unless the trial judge made
   findings of fact against the great weight of evidence or commit-
   ted a palpable abuse of discretion or a clear legal error on a
   major issue (MCLA 722.28).

2. Divorce—Child Custody—Custodial Environment—Best Inter-
   ests—Statutes.

   A circuit court shall not modify or amend its previous judgments
   or orders or issue a new order so as to change the established
   custodial environment of a child unless there is presented clear
   and convincing evidence that it is in the best interest of the
   child (MCLA 722.27[c]).

3. Statutes—Child Custody Act—Construction—Presumptions—
   Long-Standing Precedent—Legislature.

   The Legislature is presumed to be aware of long-standing judicial
   precedent affecting an area in which an exhaustive codification
   of the law is undertaken; therefore, the omission of formerly
   accepted principles in the Child Custody Act is presumed to be
   intentional (MCLA 722.21 *et seq.).*

4. Divorce—Child Custody—Existing Home—Proposed Alterna-
   tive—Comparison—Statutes.

   A comparison in a child custody dispute between the existing
   home of the child and the proposed alternative is proper
   (MCLA 722.23[e]).

5. Divorce—Child Custody—Appeal and Error—De Novo Review.

   A reviewing court is obliged to consider a child custody case *de
   novo* and appraise the evidence apart from the trial judge's
   findings of fact.

Reference for Points in Headnotes
[1–6] 24 Am Jur 2d, Divorce and Separation §§ 772–826.

6. DIVORCE—CHILD CUSTODY—PARENTS—STATUTORY PRESUMPTION—
     CLEAR AND CONVINCING EVIDENCE—BEST INTERESTS.
   A father's petition for change of custody, in a child custody
   dispute between the father and a maternal aunt of the chil-
   dren, was properly denied where the statutory presumption in
   favor of the parent was rebutted by clear and convincing
   evidence that the best interests of the children would be served
   by maintaining the children's custodial environment with the
   aunt (MCLA 722.25, 722.27).

Appeal from Muskegon, John H. Piercey, J. Submitted Division 3 February 5, 1975, at Grand Rapids. (Docket No. 21245.) Decided April 9, 1975. Leave to appeal denied, 394 Mich 794.

Complaint by Luwella Bahr against Merlin Bahr for divorce. Divorce granted with custody of children awarded to plaintiff, and later to Mary B. Priest, a maternal aunt. Defendant's petition for a change of custody was denied. Defendant appeals. Affirmed.

*O'Toole & Johnson,* for defendant.

*Wilson, Sanford & Walsworth,* for Mary B. Priest.

Before: BRONSON, P. J., and M. F. CAVANAGH and D. F. WALSH, JJ.

D. F. WALSH, J. This is an appeal as of right from a circuit court order denying Merlin Bahr's petition for change of custody of three of his four minor children.

On April 25, 1966, a judgment of divorce was entered terminating the marriage between Luwella and Merlin Bahr, with custody of the parties' four minor children awarded to Mrs. Bahr. Mr. Bahr sought custody of all four children through a petition dated April 25, 1969. Former Circuit Judge Albert J. Engel, in an exhaustive

opinion, determined that physical custody of the children should in fact be placed with Mary B. Priest, a maternal aunt, and her husband, rather than with the father.

During the year 1972 Bruce, who was then 15 years old, left the Priests to live with his father. Mr. Bahr remarried and established a home with his second wife and her two children by a former marriage. We should point out that Mr. Bahr has at all times remained current in his support payments and has regularly exercised his visitation privileges.

On June 18, 1974, Mr. Bahr moved to vacate a prior order amending his judgment of divorce and sought a transfer of custody from the Priests to himself. At that time the ages of the three children were 13, 12, and 8. This petition was considered and denied by Muskegon County Circuit Judge John H. Piercey.

Section 8 of the Child Custody Act of 1970, MCLA 722.21 *et seq.;* MSA 25.312(1) *et seq.,* provides the general guideline of appellate review:

"all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCLA 722.28; MSA 25.312(8).

Section 7 of the act is the starting point for our inquiry of this particular case and provides, in pertinent part:

"The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence

that it is in the best interest of the child." MCLA 722.27(c); MSA 25.312(7)(c).

It is not disputed that the custodial environment of the Bahr children, within the meaning of that section, had been established with the Priests over the five years they were together. It would have been improper to disturb this relationship unless clear and convincing evidence was presented showing that such a change would be in the best interests of each child affected.

The factors to be considered in determining the best interests of the children are enumerated in section 3. *Parrott v Parrott,* 53 Mich App 635; 220 NW2d 176 (1974). They include:

"(a) The love, affection and other emotional ties existing between the competing parties and the child.

"(b) The capacity and disposition of competing parties to give the child love, affection and guidance and continuation of the educating and raising of the child in its religion or creed, if any.

"(c) The capacity and disposition of competing parties to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

"(d) The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity.

"(e) The permanence, as a family unit, of the existing or proposed custodial home.

\* \* \*

"(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference."

Relative to these considerations we note that the Priests have raised the children as their own since

1969, provided their education, and encouraged their musical interests and participation in extra-curricular activities. The trial judge spent almost an hour with the children and found them to be happy, intelligent young people with "a degree of stability not often found in children of divorced parents". The children's material needs have been well met, and while there is no evidence that they would suffer in the event of a change of custody to their father, it is a fact that Mr. Bahr would be providing for six children instead of the three he now supports. Relative to section 3(d) and (e) we note further that the Priests have been married 18 years and have provided a "stable, satisfactory environment" for the children for a period of almost six years.

One factor, (i), the "reasonable preference" of the children, clearly preponderates in favor of the Priests. During the trial judge's interview with the children, they expressed a clear preference to live with their aunt, although they wished to continue seeing their father.

Petitioner urges that section 5 of the Child Custody Act mandates a change of custody in his favor. That section provides:

"Sec. 5. * * * when the dispute is between the parent or parents and an agency or a third person, it is presumed that the best interests of the child are served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence." MCLA 722.25; MSA 25.312(5).

The trial judge considered the presumption, which operated in favor of Mr. Bahr, but found it had been rebutted by "clear and convincing evidence" that the children's best interests would be served by maintaining the status quo.

The trial judge specifically did not find nor was there any evidence to support a finding that the petitioner was an unfit parent or that he had neglected or abandoned the children.

Prior to the Child Custody Act of 1970, in a dispute between a parent and a third party or agency the best interests of the child were deemed to be served by awarding custody to the parent unless it could be affirmatively proven that the parent was unfit to have custody or had neglected or abandoned the child. Furthermore the court could not indulge in a comparison between the parental home and the proposed alternative. *In re Ernst,* 373 Mich 337; 129 NW2d 430 (1964), *Rincon v Rincon,* 29 Mich App 150; 185 NW2d 195 (1970). Neither of these formerly accepted principles was incorporated within the comprehensive provisions of the Child Custody Act. Since the Legislature is presumed to be aware of the long-standing judicial precedent affecting an area in which an exhaustive codification of the law is undertaken and enacted, we must conclude the omission was intentional. See *Alexander v Liquor Control Commission,* 35 Mich App 686, 688; 192 NW2d 505 (1971), *Jeruzal v Wayne County Drain Commissioner,* 350 Mich 527, 534; 87 NW2d 122 (1957).

Still recognized, of course, is the presumption that the best interests of the child would be served by granting custody to the natural parent. MCLA 722.25, *supra.* Indeed this remains a presumption of the strongest order and it must be seriously considered and heavily weighted in favor of the parent. Nevertheless if the "clear and convincing evidence" establishes that the best interest of the child is served by awarding custody to the third party, the presumption is rebutted.

The Child Custody Act details extensive criteria

to be utilized in determining the best interests of the child, MCLA 722.23; MSA 25.312(3), and recognizes the parties' moral fitness and their love and affection for the children as factors to be considered. MCLA 722.23(a), (f); MSA 25.312(3)(a), (f). Moreover, the statute now expressly requires a trial judge to indulge in a comparison between the existing home and the proposed alternative. MCLA 722.23(e); MSA 25.312(3)(e).

Rebuttal of the presumption in favor of parental custody no longer requires proof of parental unfitness, neglect or abandonment. The principles enunciated in *Ernst* and *Rincon* to that effect have been modified and repudiated by the Legislature and are not, since the enactment of the Child Custody Act of 1970, a correct statement of the law in Michigan.

*Baldwin v Baldwin,* 56 Mich App 489; 224 NW2d 116 (1974), cited by the petitioner, is distinguishable from this case in that the trial court in *Baldwin* failed to consider the statutory presumption in favor of the parent. In this case the court considered the presumption but properly found that it was rebutted. Insofar as *Baldwin* adopts or incorporates the *Ernst-Rincon* rule we decline to follow it.

A reviewing court is obliged to consider a child custody case *de novo* and appraise the evidence apart from the trial judge's findings of fact. *Outcalt v Outcalt,* 40 Mich App 392; 198 NW2d 779 (1972). We have met this obligation and conclude that the trial judge properly declined to grant the petition for change of custody.

Affirmed.