BERMAN v BERMAN

Docket No. 77-4382. Submitted May 4, 1978, at Grand Rapids.—Decided July 18, 1978. Leave to appeal applied for.

Plaintiff Richard I. Berman and defendant Loretta M. Berman were divorced and custody of their 2-1/2 year-old adopted daughter was awarded to plaintiff with a provision that required the parties to petition the court after six months for a review and reevaluation of the custody determination. The court, prior to the later custody hearing, denied plaintiff's motion *in limine* to require defendant at the hearing to show by clear and convincing evidence that a change of custody would be in the best interests of the child, holding that its previous order of custody was only temporary, to afford the court an opportunity to assess defendant's progress toward recovery from her past history of mental disorder and substance abuse, and holding that, since permanent custody had not been established by its previous order, the clear and convincing evidence standard was inapplicable. The Berrien Circuit Court, William S. White, J., found that plaintiff was endeavoring to destroy the relationship between the child and the defendant so that plaintiff's present wife could be substituted as the child's mother, that maintenance of the relationship between the child and both adoptive parents was important to the child's welfare and that defendant would preserve those relationships. In granting custody to defendant the trial court stated that where the evidence indicates that the parties are equally capable of assuming custody of the child, the mother should be preferred. Plaintiff moved the trial court and this Court to stay the change of custody pending appeal, which requests were denied. Plaintiff appeals. *Held:*

1. Under the statute requiring a court to consider relevant factors in a child custody dispute to determine the best interests of the child a court may properly consider the age and sex of the child.

2. An established custodial environment arises where over an

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation §§ 783, 785.
[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 809, 820.

appreciable time the child naturally looks to the custodian in such environment for guidance, discipline, the necessities of life and parental comfort, and may develop whether custody for an extended period of time is pursuant to a permanent or temporary custody order; where, as in this case, an established custodial environment exists, it should be shown by clear and convincing evidence that a change in custody is in the best interests of the child before a change in custody is warranted.

3. Despite the fact that custody was changed to defendant and that a further change may further undermine the policy of the Child Custody Act, the trial court must make findings of fact consistent with the proper evidentiary standard.

Remanded with instructions.

1. DIVORCE—CHILD CUSTODY—STATUTES—BEST INTERESTS OF THE CHILD—AGE AND SEX OF CHILD AS RELEVANT FACTORS.

Under the statute requiring a court to consider relevant factors in a child custody dispute to determine the best interests of the child a court may properly consider the age and sex of the child (MCL 772.23[j]; MSA 25.312[3] [j]).

2. DIVORCE—CHILD CUSTODY—STATUTES—TEMPORARY CUSTODY ORDERS.

A statute granting a trial court authority to take "any other action considered to be necessary in a particular child custody dispute" gives a trial court discretionary authority to issue divorce judgments containing custody orders reviewable after the expiration of a specified period of time (MCL 722.27[f]; MSA 25.312[7] [f]).

3. DIVORCE—CHILD CUSTODY—STATUTES—CUSTODIAL FAMILY UNITS—PERMANENT AND TEMPORARY CUSTODY ORDERS.

The Legislature has afforded stability to the custodial family units created in the wake of divorce proceedings by requiring that established custodial arrangements remain unaltered except where change is clearly and convincingly shown to be necessary for the child's benefit; an established custodial environment arises where over an appreciable time the child naturally looks to the custodian in such environment for guidance, discipline, the necessities of life and parental comfort, and may develop whether custody for an extended period of time is pursuant to a permanent or temporary custody order (MCL 722.27[c]; MSA 25.312[7] [c]).

*Chabot & Burch, P. C.,* for plaintiff.

*Spelman, Taglia, Meek, Lagoni, Burdick &* *Sauer,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and BASHARA and R. M. MAHER, JJ.

BASHARA, J. Plaintiff appeals from a judgment of the trial court awarding custody of the litigants' four-year-old adopted daughter to defendant. Custody was previously awarded to plaintiff pursuant to a provision in the parties' divorce decree that required them to petition the court after six months for a review and reevaluation of the custody determination.

Prior to the custody hearing, plaintiff made a motion *in limine* to require the defendant at the hearing to show by clear and convincing evidence that a change in custody was in the best interests of the child. Plaintiff argued that, notwithstanding the custody provision in the divorce judgment requiring review and reevaluation at the end of six months, an established custodial environment existed within the meaning of the Child Custody Act of 1970.[1] As a consequence, plaintiff contended, the

---

[1] MCL 722.27; MSA 25.312(7), which provides as follows:

"If a child custody dispute has been submitted to a circuit court as an original action under this act or has arisen incidentally from other actions therein or orders or judgments thereof, for the best interests of the child the court may:

(c) Modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches the age of 18 years or in exceptional circumstances, until the child reaches majority. The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in such environment for guidance, discipline, the necessities of life and parental comfort. The age of the child, the physical environment and the inclination of the custodian and the child as to permanency of the relationship shall also be considered."

act enjoined the trial court to change the custodial environment only upon clear and convincing evidence that the change would be in the best interests of the child.

The trial court rejected plaintiff's position. Construing its previous custody order, the trial court concluded that it provided for only temporary custody by plaintiff. The trial court further stated that temporary custody by plaintiff for six months was intended to afford the court an opportunity at the ensuing custody hearing to assess defendant's progress toward recovery from her past history of mental disorder and substance abuse.[2]

Because permanent custody had not been established by its previous judgment, the trial court held that the clear and convincing evidentiary standard was inapplicable. Therefore, the court concluded that it would exercise its discretion in evaluating the evidence presented at the hearing and decide who was to have permanent custody on the basis of the criteria specified in § 3 of the act.[3]

A thorough review of the custody hearing record discloses that the evidentiary support for awarding custody to either parent was rather evenly balanced. Each of the parties introduced testimony from friends, neighbors, and experts in psychology and psychiatry attesting to their qualifications as

[2] At both the divorce proceeding and the subsequent custody hearing, evidence was presented and defendant readily acknowledged that she has had emotional problems, including a number of suicide attempts, and has engaged in the misuse of alcohol and drugs for more than a decade. During that period of time, she voluntarily submitted herself for hospitalization and out-patient treatment on numerous occasions in an effort to rectify those problems. As of the date of the custody hearing, defendant was receiving psychiatric consultation to aid her recovery progress.

[3] MCL 722.23; MSA 25.312(3), which specifies the factors to be evaluated by the court in ascertaining the best interests of the child in custody dispute cases. It is those interests that control the resolution of such controversies. *See* MCL 722.25; MSA 25.312(5), *Burghdoff v Burghdoff,* 66 Mich App 608; 239 NW2d 679 (1976).

custodial parents. Defendant also introduced testimony from her treating psychiatrist to establish her progress toward emotional stability and rehabilitation from substance abuse.

The trial court evaluated the evidence adduced and made findings of fact on each of the factors specified in § 3 of the act. Although the trial court perceived the litigants as relatively equivalent in capacity to assume the role of custodial parent, one aspect of the plaintiff's behavior permeated the trial court's findings and became dispositive. The court found that plaintiff was endeavoring to destroy the relationship between the child and defendant so that plaintiff's present wife could be substituted for her as the child's mother. Concluding that maintenance of the relationship between the child and both plaintiff and defendant was important to the child's welfare, the trial court found that defendant would preserve those relationships. Therefore, custody was awarded to defendant.

At the conclusion of its findings, the trial court stated that where the evidence indicates that the parties are equally capable of assuming custody of the child, the mother should be preferred.[4] Plaintiff argues that this stated preference demonstrates a bias of the trial court in favor of defendant tantamount to an unconstitutional discrimination on the basis of sex.

---

[4] The trial court phrased this preference in the following terms:
"The Court recognizes that both parents dearly love Annelise and that both are capable of according her love, care and moral and intellectual guidance. The Court may be old fashioned in this age of ERA and women's liberation, but, all things being equal, the Court feels that a female child of Annelise's age needs the motherly touch and guidance in developing the moral tone and skills she will need in maturity. As our Supreme Court said in *Terbush v Terbush,* 328 Mich [703] 708, [44 NW2d 836] (1950): 'Children need a mother's care, and a strong showing is necessary before they will be taken from her.' "

The foregoing statement was made by the trial court in assessing the final factor listed in § 3 of the act. That provision allows the court to examine, "Any other factor considered by the court to be relevant to a particular child custody dispute". MCL 722.23(j); MSA 25.312(3)(j). This continues the broad scope of discretion exercised by trial courts in child custody cases. Such discretion enables the court to explore every aspect of the litigants' circumstances so that its custody determination will reflect the child's best interests.

We will not unnecessarily circumscribe that discretion by imposing an absolute prohibition on the trial court's consideration of a child's age and sex as indicia of a need for a particular custodial parent. Under the circumstances of a child custody case, that may be but one of many legitimate considerations in ascertaining the best interests of the child. Of course, that factor cannot, of itself, control the trial court's decision, since the act mandates that in disputes between parents for custody, it is the best interests of the child that control the resolution. MCL 722.25; MSA 25.312(5). See also *Zawisa v Zawisa,* 61 Mich App 1; 232 NW2d 275 (1975).

Reviewing the trial court's findings, we are unable to conclude that defendant's sex was the controlling factor motivating the trial court's decision. It is, perhaps, unfortunate that the exact words were used to describe the "other circumstances" influencing the trial court's judgment. Nonetheless, it appears that the trial judge was simply and literally applying the mandates of the Child Custody Act *seriatim* to ascertain the best interests of the child. All factors specified by the act, not merely the finding under § 3(j), were carefully considered. After weighing these factors in

their entirety, the court concluded that the best interests of the child required awarding custody to defendant.

Plaintiff maintains that the trial court was without authority to make an award of temporary custody in the divorce decree. Being without such authority, plaintiff urges that the custody order in the decree, in conjunction with the duration of custody thereunder, created an established custodial environment. As a consequence, plaintiff argues that the trial court abused its discretion by changing custody without clear and convincing evidence that it was in the best interests of the child.

Our Legislature has afforded stability to the custodial family units created in the wake of divorce proceedings by requiring that established custodial arrangements remain unaltered except where change is clearly and convincingly shown to be necessary for the child's benefit.[5] MCL 722.27(c); MSA 25.312(7)(c). However, the Legislature has also granted authority to the trial courts to "[t]ake any other action considered to be necessary in a particular child custody dispute". MCL 722.27(f); MSA 25.312(7)(f). We construe this provision as forming the necessary base of discretionary authority for trial courts to issue divorce judgments containing custody orders reviewable after the expiration of a specified period of time.

As in the case under review, the trial court may require additional information about the parties competing for custody that is not available at the

---

[5] Additionally, to lend finality to the trial courts' determinations, the Legislature has provided for limited appellate review, requiring in § 8 of the act that, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue". MCL 722.28; MSA 25.312(8).

time the divorce judgment is issued. Child custody decisions are of great moment and should be formulated upon accurate and complete information concerning the contesting parties. Therefore, legal precedent in Michigan has found it to be within the trial court's discretion to suspend final determination of custody disputes for specified periods to obtain information necessary to its decision. See *McLay v McLay,* 354 Mich 19, 27; 91 NW2d 824 (1958). We deem § 7(f) of the act to be a legislative reaffirmation of that discretionary authority.

However, this authority must not be utilized in a manner that undermines the objectives of the Child Custody Act. In the instant case, the child remained under the care and control of plaintiff for one-third of her life before the court's order was reviewed and custody changed to defendant.[6] We discern from these circumstances a potential for adversely affecting the stability of the custodial family unit so vital to the welfare of the child.

The record contains testimony from psychologists indicating that after an extended period of time a child becomes accustomed to its custodial surroundings. A dependency upon that environment develops so that a sudden change of custody presents a significant probability that the emotional well-being of the child will be deleteriously affected.

Achieving that stability is a declared public policy in § 7, where the Legislature has utilized the concept of an "established custodial environment". That environment arises where "over an appreciable time the child naturally looks to the

---

[6] The child resided with plaintiff for approximately eight months under a pretrial custody order. After rendition of the divorce judgment, the child remained in plaintiff's custody for another year before custody was awarded to defendant. At the time of the latter order the child was approximately four and one-half years old.

custodian in such environment for guidance, discipline, the necessities of life and parental comfort". MCL 722.27(c); MSA 25.312(7)(c). Those indicia may develop whether custody for an extended period of time is pursuant to a "permanent" or so-called "temporary" custody order. Merely denominating a custody order as "temporary" will not foreclose the creation of an established custodial environment or ameliorate the adverse consequences of disrupting that environment by a change in custody on less than clear and convincing evidence that the change is in the best interests of the child.

From our *de novo* review[7] of the record, we conclude that substantial evidence was presented to support a finding that the custodial environment was established with plaintiff. The custody order was permanent, not temporary, and the proper evidentiary standard which should have been applied is that of clear and convincing evidence.

We realize that the situation here is a particularly troublesome one, with no easy answers. Motions to the trial court and this Court for a stay of the custody order were denied. Consequently, the child has now been in defendant's custody since November, 1977. To subject the child to another custody change may further undermine the policy of the custody act.

We find it the simplest and most practical solution to remand the case to the trial court. The judge is to consider his previous custody order as permanent in nature. He must therefore weigh his decision as to which parent should have custody

---

[7] *See Bahr v Bahr,* 60 Mich App 354; 230 NW2d 430 (1975), *lv den,* 394 Mich 794 (1975), *Outcalt v Outcalt,* 40 Mich App 392; 198 NW2d 779 (1972).

according to the clear and convincing evidence standard of § 7(a); that is, custody can be changed from plaintiff to defendant only if the court is convinced by clear and convincing evidence that it is in the best interests of the child to do so. Should the court find by clear and convincing evidence that custody should reside with defendant, he should reaffirm his earlier decision, explaining what the evidence is and why it clearly and convincingly persuades him his original decision was correct.

Remanded in accordance with the directions contained herein. We retain no further jurisdiction.