SIWIK v SIWIK

Docket No. 78-2486. Submitted February 22, 1979, at Detroit.—Decided April 17, 1979.

Eugene and Doreen Siwik were divorced and the judgment of divorce granted custody of their minor son to Roy and Irene Reppenhagen, the paternal grandparents. Doreen, who has since remarried, petitioned the court for a modification of the divorce judgment and sought to obtain custody of the child. The Wayne Circuit Court, Harry J. Dingeman, Jr., J., granted the change of custody. The grandparents petitioned the Court of Appeals for, and obtained, a stay of proceedings and a remand for a more complete record. After further hearings, the trial judge submitted an opinion reaffirming his earlier order, and the Court of Appeals vacated the stay of proceedings. After the Reppenhagens' motion for rehearing was denied, they appealed the circuit court's order changing custody. *Held:*

Upon a review of the entire record, it cannot be said that the trial judge was in error in finding that the best interests of the child would be served by granting the change of custody. In addition, the judge's determinations that the child was not of sufficient age to express a meaningful preference and that he would not follow the recommendation of a child psychologist that custody not be changed were not abuses of discretion.

Affirmed.

1. APPEAL AND ERROR — PARENT AND CHILD — CUSTODY — DE NOVO REVIEW — STATUTES.

Review of a child custody case is *de novo,* with each case being

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 136.

24 Am Jur 2d, Divorce and Separation § 772 *et seq.*

[2, 3] 24 Am Jur 2d, Divorce and Separation § 783.

Nonresidence as affecting one's right to custody of child. 15 ALR2d 432.

Comment note: "Split," "divided," or "alternate" custody of child. 92 ALR2d 695.

[4] 24 Am Jur 2d, Divorce and Separation §§ 784, 820.

Child's wishes as factor in awarding custody. 4 ALR3d 1396.

[5] 24 Am Jur 2d, Divorce and Separation §§ 779, 782 *et seq.*

judged on its unique facts and in light of a statutory requirement that a circuit court order or judgment is to be affirmed unless the trial judge made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

2. PARENT AND CHILD — CUSTODY — BEST INTERESTS OF CHILD — STATUTES.

The guiding factor in all child custody matters is the best interest of the child, as determined pursuant to statute (MCL 722.23; MSA 25.312[3]).

3. PARENT AND CHILD — CUSTODY — STATUTES — PRESUMPTIONS — BEST INTERESTS OF CHILD.

The apparent conflict between a statutory presumption that the best interests of a child are served by awarding custody to the parents where a custody dispute is between the parent or parents and an agency or a third person and the statutory requirement that a trial court's previous judgments or orders regarding custody not be modified to change custody is resolved by inquiring into the best interests of the child, which is a concern sufficient to overcome any of the statutory rebuttable presumptions (MCL 722.25, 722.27[c]; MSA 24.312[5], 25.312[7][c]).

4. PARENT AND CHILD — CUSTODY — CHILD'S PREFERENCE — JUDGE'S DISCRETION — STATUTES.

Determination of whether or not a child is of sufficient age to express a meaningful preference in a custody dispute is a matter within the sound discretion of the trial court (MCL 722.23[i]; MSA 25.312[3][i]).

5. PARENT AND CHILD — CUSTODY — CHILD PSYCHOLOGISTS — JUDGE'S DISCRETION — STATUTES.

A trial court has the discretion to use the services of a child psychologist in determining a child custody matter; the weight to be given to a psychologist's testimony is a matter of the trial court's discretion (MCL 722.27[d]; MSA 25.312[7][d]).

*Thomas E. Cardinal,* Legal Aid and Defender Association of Detroit, for Doreen Siwik.

*Martin S. Baum,* for Roy and Irene Reppenhagen.

Before: ALLEN, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Appellants appeal from Wayne County Circuit Court Judge Harry Dingeman's determination that six-year-old Eugene Siwik, Jr., should be in the custody of his mother instead of in the custody of his paternal grandparents.

Eugene Siwik, Jr., was born on August 23, 1972. In September of 1976, his mother brought him to the Reppenhagen's with the understanding that he would stay there until she "got her head together". On November 10, 1977, the Wayne County Circuit Court granted plaintiff, who is not a party to the present dispute, a default judgment of divorce. The judgment also granted custody of the minor child to the Reppenhagens.

Defendant filed a petition to modify the divorce judgment on February 3, 1978. A custody hearing was held on June 16 and 19, 1978, and the trial judge's June 20, 1978, order changed custody to the defendant. The Reppenhagens appealed and, after reviewing the record, appellants successfully petitioned this Court to stay the proceedings and remand the case for a more complete record. Pursuant to this Court's order, Judge Dingeman held a second hearing on September 11, 12 and 13, 1978. On September 28, 1978, the trial judge reaffirmed his earlier findings of fact and conclusions of law. The next day, this Court vacated the stay which it had ordered. Mrs. Frye attained custody of her son and took him to Kansas where he now lives with her and her new husband. Thereafter, appellants' motion for a rehearing before this Court was denied and they now appeal. We affirm.

Appellants raise three issues on appeal but each issue relates to the central question: Did the trial

court properly interpret and apply the Child Custody Act in determining that the child's best interests required a change in custody?

These cases are not easy. The trial judge in the present case indicated that he "spent an uncomfortable weekend reviewing the testimony and reexamining the law". We sympathize with the trial judge and recognize that "[a] judge agonizes more about reaching the right result in a contested custody issue than about any other type of decision he renders". *Fritts v Krugh,* 354 Mich 97, 101; 92 NW2d 604 (1958) (footnote omitted). We also note that our task is no easier than that of the trial judge.

A reviewing court is obligated to consider a child custody case *de novo* and appraise the evidence apart from the trial judge's findings. In so doing, it is important for us to remember that each case must be judged on its unique facts. As stated in *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425, 432; 86 NW2d 166 (1957):

"We have stressed, heretofore, in these zoning cases, the principle that each case must be judged on its own facts. Some confusion may have arisen from its frequent repetition. The statement is merely a truism in the law, applicable to all cases, from arbitration to zoning."

Additionally, in a custody case, we are bound by MCL 722.28; MSA 25.312(8), which provides that:

"* * * all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

The guiding factor in all child custody matters is the child's best interests as outlined in MCL 722.23; MSA 25.312(3):

" 'Best interests of the child' means the sum total of the following factors to be considered, evaluated and determined by the court:

"(a) The love, affection and other emotional ties existing between the competing parties and the child.

"(b) The capacity and disposition of competing parties to give the child love, affection and guidance and continuation of the educating and raising of the child in its religion or creed, if any.

"(c) The capacity and disposition of competing parties to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

"(d) The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity.

"(e) The permanence, as a family unit, of the existing or proposed custodial home.

"(f) The moral fitness of the competing parties.

"(g) The mental and physical health of the competing parties.

"(h) The home, school and community record of the child.

"(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference.

"(j) Any other factor considered by the court to be relevant to a particular child custody dispute."

In the present case, the trial court was also faced with two apparently contradictory legal presumptions. MCL 722.25; MSA 25.312(5) provides:

"When the dispute is between the parents, between agencies or between third persons the best interests of

the child shall control. When the dispute is between the parent or parents and an agency or a third person, it is presumed that the best interests of the child are served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence."

The competing statutory presumption is contained in MCL 722.27(c); MSA 25.312(7)(c), which states in relevant part:

"* * * The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child."

However, this apparent conflict has been resolved properly in *Stevens v Stevens,* 86 Mich App 258, 264-269; 273 NW2d 490 (1978), and *Bahr v Bahr,* 60 Mich App 354; 230 NW2d 430 (1975). In each of those cases, our Court concluded that the basic inquiry must be into the best interests of the child. Further, the presumptions in MCL 722.25 and MCL 722.27(c) should be recognized equally, with the best interest of the child as the overriding concern, a concern sufficient to overcome any of the rebuttable presumptions in the statute.

In the present case, the trial judge carefully considered each of the factors in MCL 722.23. Additionally, the judge recognized the presumptions in MCL 722.25 and MCL 722.27(c) and compared the existing home and the proposed alternative. It does not appear that he gave improper weight to one presumption over the other. In any event, in his September 28, 1978, opinion, the court specifically concluded:

"* * * [I]t is the finding of this court that proper

cause has been shown, and that clear and convincing evidence indicates that the best interest of Eugene Paul Siwik will be served by a change of the custodial environment of the child from the extended family relationship in which he now lives to that with his natural mother."

After a painstaking review of the entire record, we cannot say that the trial judge was in error.

Appellants argue that the trial judge improperly ignored the child's wishes by determining, after an interview, that the child was "not of sufficient age to express a meaningful preference in this matter". We disagree. MCL 722.23(i) leaves this determination to the sound discretion of the trial judge and we find no abuse of discretion here. Even if the child stated that he wished to remain with his grandparents, the trial judge was not required to accede to that request. MCL 722.23 lists the child's preference as one factor among many to be considered in determining the best interests of the child.

Appellants also claim that the trial judge gave inadequate consideration to the testimony of the child psychologist. Again, we disagree. The psychologist testified against changing the custodial environment but also admitted that an extended family is not the best atmosphere in which to raise a child and that a major factor in mitigating the trauma of a change in custody would be the mother's future behavior. MCL 722.27(d); MSA 25.312(7)(d) specifically permits a circuit judge to utilize "community resources in behavioral sciences" in determining a custody matter. But the statute plainly indicates that the decision to use such information is a matter of trial court discretion. Further, the weight to be given to the information is best left to the trier of fact. In the instant case, the trial judge heard the testimony of

the psychologist and gave it some consideration. We cannot say that he erred in either respect.

Finally, we note that the previous behavior of both parents leaves much to be desired. The father at the time of the divorce was imprisoned for a felony and was staying with his parents while on parole when the hearings for modification of custody were conducted. The mother had used alcohol to excess at times and was seen using controlled substances. At the hearings, however, Mrs. Frye stated under oath that she changed her mode of living, no longer abused alcohol or drugs, was happily married and wanted her child back. The court further stated:

"As has been pointed out by counsel in final arguments this is the natural mother seeking custody of her child and the present custodians are third persons. She's 24 years of age. The grandparents are 51, and 62 respectively. In another 10 years, the child in its early teens if it is to continue living with the grandparents would have a male figure head in the house in his 70's, and a mother in her 60's. Can this be construed as being in the best interests of the minor child, or would he be better off with younger parents. This Court believes the latter."

It is only natural for the grandparents to remember the mother as she was when she brought the child to them. And we commend them for taking the child and giving him love when it was necessary to do so. But the trial judge has concluded that the mother has changed her lifestyle and now is able to properly care for her child. We find no error in that determination.

Affirmed. No costs.