## SCHOONMAKER v SCHOONMAKER

Docket No. 50448. Submitted October 17, 1980, at Lansing.—Decided March 5, 1981.

John B. Schoonmaker and his wife, Jeanette S. Schoonmaker, were divorced in the State of New York. Jeanette was awarded custody of the couple's three minor children. Thereafter, she and the children moved to Grand Haven, Michigan. Mr. Schoonmaker obtained an order to show cause, through the New York courts, asking that custody of the two younger children be given to him. The New York court ruled that Michigan was the proper jurisdiction for the change of custody issue. Mr. Schoonmaker then petitioned the Grand Traverse Circuit Court to modify the New York judgment of divorce to award him custody of the two younger children. The trial court, after hearings, determined that Mr. Schoonmaker had failed to present clear and convincing evidence warranting a change in custody and allowed defendant to retain custody, Charles M. Forster, J. Plaintiff appeals. *Held:*

The trial court found that defendant had established a custodial environment as to all of the children. Where a custodial environment has been established, the court may not modify a previous child custody order unless a need for modification is shown by clear and convincing evidence to be in the best interests of the children involved. The trial court made extensive findings of fact with explicit reference to the statutory factors to be considered in determining the best interests of the children. The trial court did not abuse its discretion in determining that plaintiff failed to present clear and convincing evidence warranting a change in custody.

Affirmed.

1. PARENT AND CHILD — CHILD CUSTODY — CUSTODIAL ENVIRONMENT — STATUTES.

A circuit court shall not modify or amend its previous judgments

REFERENCES FOR POINTS IN HEADNOTES

[1,2] 24 Am Jur 2d, Divorce and Separation §§ 783, 812 *et seq.*

42 Am Jur 2d, Infants §§ 33, 37, 56, 57.

[3-5] 4 Am Jur 2d, Appeal and Error § 136.

[4] 24 Am Jur 2d, Divorce and Separation § 812.

or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child (MCL 722.27[c]; MSA 25.312[7][c]).

2. WORDS AND PHRASES — CUSTODIAL ENVIRONMENT — STATUTES.

The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in such environment for guidance, discipline, the necessities of life and parental comfort; the age of the child, the physical environment and the inclination of the custodian and the child as to permanency of the relationship shall also be considered where a change of custody is sought (MCL 722.27[c]; MSA 25.312[7][c]).

3. APPEAL — PARENT AND CHILD — CHILD CUSTODY — DE NOVO REVIEW.

Child custody cases are considered *de novo* by the Court of Appeals and the evidence is appraised apart from the trial court's findings of fact.

4. APPEAL — PARENT AND CHILD — CHILD CUSTODY — MODIFICATION OF CUSTODY ORDERS — STATUTES.

The Court of Appeals must enforce a clear and convincing evidence standard where modification of previous child custody orders is at issue once a custodial environment has been established (MCL 722.27[c]; MSA 25.312[7][c]).

5. APPEAL — PARENT AND CHILD — CHILD CUSTODY — CUSTODIAL ENVIRONMENT.

The Court of Appeals, in determining whether a custodial environment has been established in a child custody proceeding, must look to the existing custodial arrangement and not to whether the original decree was denominated as temporary or permanent.

*Hubbell, Houlihan, Elhart & Bishop,* for plaintiff.

*Smith & Johnson, Attorneys, P.C.* (by *Donald A. Brandt),* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and T. M. BURNS and R. H. CAMPBELL,* JJ.

PER CURIAM. Pursuant to a judgment of divorce, entered on August 23, 1978, in the State of New York, defendant was awarded custody of the parties' three minor children, Amy, Matthew, and Daniel. Thereafter, on December 3, 1979, plaintiff petitioned the Grand Traverse Circuit Court to modify the judgment of divorce to award him custody of Matthew and Daniel. Following hearings, defendant was allowed to retain custody of Matthew and Daniel. Plaintiff appeals of right.

The trial court's authority to modify previous custody orders is derived from MCL 722.27; MSA 25.312(7):

"If a child custody dispute has been submitted to a circuit court as an original action under this act or has arisen incidentally from other actions therein or orders or judgments thereof, for the best interests of the child the court may:

* * *

"(c) Modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches the age of 18 years or in exceptional circumstances, until the child reaches majority. The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in such environment for guidance, discipline, the necessities of life and parental comfort. The age of the child, the physical environment and the inclination of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

custodian and the child as to permanency of the relationship shall also be considered."

"Best interests of the child" is defined in MCL 722.23; MSA 25.312(3), which enumerates ten factors to be considered.

This Court's review of child custody cases is controlled by MCL 722.28; MSA 25.312(8):

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

Child custody cases are considered *de novo* and the evidence is appraised apart from the trial court's findings of fact. *Bahr v Bahr,* 60 Mich App 354, 360; 230 NW2d 430 (1975), *lv den* 394 Mich 794 (1975), *Outcalt v Outcalt,* 40 Mich App 392, 394; 198 NW2d 779 (1972).

This Court's duty is to enforce the "clear and convincing evidence" standard of MCL 722.27(c); MSA 25.312(7)(c), where modification of a previous child custody order is at issue and a custodial environment has been established. In the instant case, plaintiff argues that a custodial environment as to Matthew and Daniel has not been established. We recognize that Matthew has remained in New York since December of 1979 where he has attended school and engaged in other activities. However, custodial environment envisions more than physical custody. Further, where an original decree indicated that custody would be temporary, this Court stated that it must look to the existing custodial arrangement and not to the denomination of the original decree as temporary or perma-

nent. *Berman v Berman,* 84 Mich App 740, 747-748; 270 NW2d 680 (1978), *lv den* 404 Mich 828 (1979). In the instant case, the trial court found that a custodial environment had been established as to all of the minor children. Our review of the record does not disclose that the trial court committed error on this point.

The trial court in the instant case recognized the applicability of the "clear and convincing evidence" standard once it found that a custodial environment had been established. The trial court made extensive findings of fact, with explicit reference to the factors enumerated in MCL 722.23; MSA 25.312(3). Our review of its findings persuades us that it did not abuse its discretion in determining that plaintiff failed to present clear and convincing evidence warranting a change in custody.

Affirmed.