DEEL v DEEL

Docket No. 53633. Submitted May 13, 1981, at Lansing.—Decided
    February 19, 1982.

Edgar R. Deel obtained a divorce from Deborah L. Deel. At issue
    was the custody of their minor son, Edgar R. Deel, Jr. At the
    time of the divorce, Edgar Jr., had been in the physical custody
    of his maternal grandmother for nearly five years. The plaintiff
    sought custody and the defendant sought to have custody
    awarded to her mother, the maternal grandmother. The Oak-
    land Circuit Court, Frederick C. Ziem, J., granted custody to
    the plaintiff, giving the grandmother liberal visitation rights.
    Defendant appeals the grant of custody. Held:

In a dispute between a natural parent and a third party,
    where an established custodial environment exists in favor of
    the third party, the presumption in favor of awarding custody
    to the natural parent should prevail unless it is shown that the
    best interests of the child would be served by granting custody
    to the third-party custodian. The burden is on the third party
    to rebut the presumption in favor of the natural parent. In this
    case the trial court did not err in its determination that
    custody should be granted to the natural parent.

Affirmed.

CYNAR, J., dissented. He would find that the evidence estab-
    lished that the best interests of the child would be served by
    awarding custody to the maternal grandmother. He would
    reverse.

OPINION OF THE COURT

1. PARENT AND CHILD — CHILD CUSTODY — BEST INTERESTS OF CHILD.
    The overriding concern in any child custody case is for the best
    interests of the child.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5] 24 Am Jur 2d, Divorce and Separation § 783.
[3] 24 Am Jur 2d, Divorce and Separation § 789.
[4] 24 Am Jur 2d, Divorce and Separation §§ 779, 791, 793.

2. PARENT AND CHILD — CHILD CUSTODY — NATURAL PARENT —
   ESTABLISHED CUSTODIAL ENVIRONMENT — STATUTES.

   The presumption, in a child custody case, in favor of the natural
   parent and the presumption in favor of the established custo-
   dial environment are both to be recognized but are not of equal
   weight; while the established custodial environment is to be
   favored unless there is clear and convincing evidence that a
   change is in the best interests of the child, it is presumed that
   the best interests of the child are served by granting custody to
   the natural parent (MCL 722.25, 722.27[c]; MSA 25.312[5],
   25.312[7][c]).

3. PARENT AND CHILD — CHILD CUSTODY — NATURAL PARENT —
   THIRD PARTIES.

   The burden, in a child custody dispute between a natural parent
   and a third party, is on the third party to rebut the presump-
   tion that the best interests of the child are served by granting
   custody to the natural parent.

4. APPEAL — CHILD CUSTODY — SCOPE OF REVIEW — STATUTES.

   Consideration of child custody cases by the Court of Appeals is *de
   novo*, with the evidence appraised apart from the trial court's
   findings of fact; however, the orders and judgments of the
   circuit court shall be affirmed on appeal unless the trial judge
   made findings of fact against the great weight of evidence or
   committed a palpable abuse of discretion or a clear legal error
   on a major issue (MCL 722.28; MSA 25.312[8]).

DISSENT BY CYNAR, J.

5. PARENT AND CHILD — CHILD CUSTODY — ESTABLISHED CUSTODIAL
   ENVIRONMENT — STATUTES.

   *Factors to be considered in determining whether an established
   custodial environment exists in a child custody dispute include:
   whether over an appreciable time the child has looked to the
   custodian for guidance, discipline, the necessities of life and
   parental comfort; the age of the child; the physical environ-
   ment; and the inclination of the custodian and the child as to
   the permanency of the relationship (MCL 722.27; MSA
   25.32[7]).*

*Gelman, Siman, Freedman & Friedman* (by *De-
borah E. Zukin* and *Sandor M. Gelman),* for plain-
tiff.

*Kutinsky, Davey & Solomon,* for defendant.

Before: R. M. Maher, P.J., and Allen and Cynar, JJ.

Per Curiam. This case presents a child custody dispute. Defendant has appealed by right from the trial court's order granting custody to the child's father, Edgar R. Deel.

The subject of the dispute is Edgar Deel, Jr., the minor child of the plaintiff and the defendant. Because the child shares his father's name he was referred to at trial as "little Eddie" and we will refer to him in that manner as well. Little Eddie is now over seven years old. His parents were married at a young age and their marriage did not last long. In August of 1976, when little Eddie was two years old, a judgment of divorce was entered granting custody to his mother. Some sort of reconciliation apparently took place, and in February of 1977, plaintiff and defendant were remarried. Whatever the reason for this reconciliation it was incredibly short-lived and the parties separated again sometime between two days and three weeks after the wedding. It was not until two years later, however, that the plaintiff, little Eddie's father, filed for a second divorce.

When filing for the second divorce little Eddie's father obtained an *ex parte* interim order granting him custody of little Eddie. Less than a month later a new order was entered granting temporary custody to Betty Dennis, little Eddie's maternal grandmother. Little Eddie had spent much of his life in the physical custody of various grandparents and great-grandparents and at the time of the trial in August of 1980 he had been in the physical custody of Betty Dennis for somewhere between three and five years, the last 1-1/3 years of this

period under the order granting her temporary legal custody as well.

Much of the divorce trial was devoted to the issue of custody. Plaintiff continued to seek permanent custody of his son. The defendant was not, at the time of trial, seeking custody for herself. Among other problems, she had apparently experienced difficulties with drugs and had been convicted of a crime concerning prostitution. It was her wish that her mother, Betty Dennis, be awarded custody in the judgment. Thus the contest was between little Eddie's father and maternal grandmother. The trial court resolved this dispute in favor of the father, and the judgment awarded him custody. The judgment also awarded Betty Dennis liberal visitation rights.

In any child custody dispute, including those between a natural parent and a third party, the overriding concern is for the best interests of the child. *Siwik v Siwik,* 89 Mich App 603; 280 NW2d 610 (1979), *Stevens v Stevens,* 86 Mich App 258; 273 NW2d 490 (1978), *Bahr v Bahr,* 60 Mich App 354; 230 NW2d 430 (1975), *lv den* 394 Mich 794 (1975). See *In re Weldon,* 397 Mich 225, 240, 265-275; 244 NW2d 827 (1976) (opinions of WILLIAMS, J., and COLEMAN, J.).[1] The best interests of the child are determined by considering the factors set forth in MCL 722.23; MSA 25.312(3). In addition, the Legislature has provided guidance for determining the best interests of the child in specific circumstances. As concerns the instant case defendant points to the following statutory language:

"The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child

---

[1] See also *In re Weldon,* 407 Mich 1152 (1979).

*unless there is presented clear and convincing evidence
that it is in the best interest of the child."* MCL
722.27(c); MSA 25.312(7)(c). (Emphasis added.)[2]

Plaintiff, on the other hand, refers to the following:

"When the dispute is between the parent or parents
and an agency or a third person, *it is presumed that
the best interests of the child are served by awarding
custody to the parent or parents, unless the contrary is
established by clear and convincing evidence."* MCL
722.25; MSA 25.312(5). (Emphasis added.)

This Court has stated in the past, when considering these two statutory provisions, that each
"should be recognized equally, with the best interest of the child as the overriding concern, a concern sufficient to overcome any of the rebuttable
presumptions in the statute". *Siwik v Siwik, supra,*
608, *Stevens v Stevens, supra,* 269. In the instant
case defendant complains that the trial court gave
too much weight to the fact that plaintiff was little
Eddie's natural father, and not enough weight to
the fact that her mother, Betty Dennis, had provided an established custodial environment. Defen-

---

[2] Although Betty Dennis held legal custody of little Eddie under a
temporary order pending final judgment, this fact does not foreclose
the possibility that her custody represented an established custodial
environment. *Schoonmaker v Schoonmaker,* 104 Mich App 466, 469-
470; 304 NW2d 608 (1981), *Berman v Berman,* 84 Mich App 740, 747-
748; 270 NW2d 680 (1978), *lv den* 404 Mich 828 (1979).

An established custodial environment exists:

"if over an appreciable time the child naturally looks to the custodian
in that environment for guidance, discipline, the necessities of life, and
parental comfort. The age of the child, the physical environment, and
the inclination of the custodian and the child as to permanency of the
relationship shall also be considered." MCL 722.27(c); MSA
25.312(7)(c).

In the instant case there was evidence presented on both sides of this
question. Our review of the record convinces us, however, that an
established custodial environment could be found in favor of Betty
Dennis.

dant apparently takes the position that *Siwik, Stevens,* and *Bahr v Bahr, supra,* require that the presumption in favor of the natural parent be given the same weight as the presumption in favor of the established custodial environment. We do not read these cases as establishing such a rule. *Stevens* holds that the presumptions should be *recognized* equally, not *weighted* equally, and the language used in the statutes suggests that the presumptions are not, in fact, of equal weight. While the established custodial environment is to be favored unless there is clear and convincing evidence that a change is in the best interests of the child, it is presumed that the best interests of the child are served by granting custody to the natural parent. This suggests that the burden in a case such as that now before us is on the third party to show that a grant of custody in his or her favor is in the best interests of the child. This was recognized in *Stevens,* a case where, as in the instant case, the natural parent was seeking a change in custody from a third party. Despite the fact that in *Stevens* custody was presently with the third party, this Court noted that the presumption in favor of the natural parent still existed unless rebutted by clear and convincing evidence that the best interests of the child would be served by granting custody to the third party. *Stevens v Stevens, supra,* 269. *Bahr v Bahr, supra,* likewise involved a dispute between a third-party custodian and a natural parent. The Court in *Bahr* noted the existence of both presumptions, but ultimately stated:

"Still recognized, of course, is the presumption that the best interests of the child would be served by granting custody to the natural parent, MCL 722.25, *supra.* Indeed this remains a presumption of the strong-

est order and it must be seriously considered and heavily weighted in favor of the parent. Nevertheless if the 'clear and convincing evidence' establishes that the best interest of the child is served by awarding custody to the third party, the presumption is rebutted." *Bahr v Bahr, supra,* 359.

Both presumptions should be considered because both are concerned with the ultimate issue of the child's best interests. The statutory language and the decisions of this Court suggest, however, that the burden is on the third party to rebut the presumption in favor of the natural parent. *Stevens* and *Bahr* were concerned with recognizing both presumptions because prior law had established that the parental presumption could only be overcome by a showing that the natural parent was unfit. See *Bahr v Bahr, supra,* 359. Recognition of both presumptions does not, however, remove the third party's burden to show that custody in his or her favor is in the child's best interests. If the third party provides an established custodial environment this is an important factor to consider in determining whether the presumption in favor of the natural parent has been rebutted.

We are also of the opinion that the position advocated by defendant is somewhat short-sighted. The fact that both presumptions should be recognized does not mean that in every case where these presumptions collide they cancel each other out and can play no part in determining the best interests of the child. That determination must be made with the utmost care after determination of all relevant factors. This process is unwisely restricted if the trial court cannot consider the fact that one of the parties provides an established custodial environment simply because the other

party is a natural parent, or vice versa. It is not error to weigh ultimately the facts underlying one presumption more heavily than those underlying the other so long as the circumstances dictate that such weight is appropriate and so long as the inquiry remains focused on the best interests of the child. *Siwik v Siwik, supra,* demonstrates this point. The facts of *Siwik* were similar to those in the instant case. The natural mother was seeking a change in custody from the child's paternal grandparents. The trial court considered the factors specified in MCL 722.23; MSA 25.312(3), recognized the competing presumptions, and determined that the requested change in custody was in the child's best interest, relying at least in part on the fact that the party requesting custody was the child's natural mother:

" '* * * [I]t is the finding of this court that proper cause has been shown, and that clear and convincing evidence indicates that the best interest of Eugene Paul Siwik will be served by a change of the custodial environment of the child from the extended family relationship in which he now lives to that with his natural mother.

*      *      *

" 'As has been pointed out by counsel in final arguments this is the natural mother seeking custody of her child and the present custodians are third persons. She's 24 years of age. The grandparents are 51, and 62 respectively. In another 10 years, the child in its early teens if it is to continue living with the grandparents would have a male figurehead in the house in his 70's, and a mother in her 60's. Can this be construed as being in the best interests of the minor child, or would he be better off with younger parents. This Court believes the latter.' " *Siwik v Siwik, supra,* 608-609, 610.

On appeal, this Court held that the competing

presumptions should be recognized equally and that the overriding concern was the best interests of the child. This Court then affirmed, however, finding no error in the trial court's determination.

Our consideration of child custody cases is *de novo,* and the evidence is appraised by us apart from the trial court's findings of fact. *Schoonmaker v Schoonmaker,* 104 Mich App 466, 469; 304 NW2d 608 (1981), *Outcalt v Outcalt,* 40 Mich App 392, 394; 198 NW2d 779 (1972). Additionally, however, the Legislature has provided that:

> "To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28; MSA 25.312(8).

In the instant case the trial court took extensive notes during the trial and made equally extensive findings of fact. It considered in great detail each of the statutory factors relative to the best interests of the child. It recognized both statutory presumptions here at issue and thoroughly digested the case law on point. After personally observing the witnesses, finding the facts, and applying the applicable law the trial court determined that the best interests of little Eddie would be served by granting custody to the plaintiff-father in the divorce judgment. We are not convinced that grounds for reversal have been shown, and accordingly affirm.

Affirmed.

CYNAR, J. *(dissenting).* Although the majority opinion indicates a careful study of the facts and

the law in this custody contest, I must respectfully dissent.

The trial judge made no explicit finding as to whether a custodial environment was established with Betty Dennis. The trial court did find that factor (d), the length of time the child has lived in a stable, satisfactory environment, and the desirability of continuity, was slightly in favor of Betty Dennis.

The statute, MCL 722.27; MSA 25.312(7) provides:

"The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life and parental comfort."

Further the statute provides that:

"The age of the child, the physical environment and the inclination of the custodian and the child as to permanency of the relationship shall also be considered"

in determining whether an established custodial environment exists. The child was six years old at the time of trial and the court specifically found that the child had spent at least the last three years with Betty Dennis. Betty Dennis testified she had cared for little Eddie for five years rather than the almost three years plaintiff-father claimed. Edgar Deel stated Betty Dennis treated little Eddie well, loved him, clothed him, and was a good cook and homemaker. Betty Dennis had cared for the child, supported him and sent him to school. Several witnesses testified that Betty Dennis's and little Eddie's relationship was like mother and son and Dr. Cowan testified that little Eddie perceived Betty Dennis as his psychological

parent. Eddie said he loved his father but wanted to live with his grandmother and visit his father. While Dr. Cowan would not make a definitive recommendation on custody because he had not interviewed all of the parties, he subscribed to the least disruptive alternative theory. That is, he believed a child should not be separated from his psychological parent except for compelling reasons. A custodial environment was established with Betty Dennis.

It is my conclusion that it was established by clear and convincing evidence that the best interests of the child would be served in this case by awarding custody to Betty Dennis, the maternal grandmother. I would reverse for the reasons stated herein.