## BALDWIN v BALDWIN

1. DIVORCE—CHILD CUSTODY—BEST INTERESTS.

   The guiding principal in deciding child custody matters is the best interest of the child.

2. DIVORCE—CHILD CUSTODY—PARENTS—THIRD PARTIES—BEST INTERESTS.

   It is presumed that the best interests of the child are served by awarding custody to the parent or parents, in a child custody dispute between the parent or parents and an agency or a third person, unless the contrary is established by clear and convincing evidence (MCLA 722.25).

3. DIVORCE—CHILD CUSTODY—BEST INTERESTS—EVIDENCE.

   The established custodial environment of a child cannot be changed absent clear and convincing evidence that it is in the best interest of the child (MCLA 722.27).

4. DIVORCE—CHILD CUSTODY—PARENTS—THIRD PARTIES—EVIDENCE—PRESUMPTIONS—STATUTES.

   Custody will be awarded to the parent, in a child custody dispute between a natural parent and a third party, where no clear and convincing evidence was presented to rebut the statutory presumption that favors the parent, even though the established custodial environment of the child will be changed thereby (MCLA 722.25, 722.27).

5. DIVORCE—CHILD CUSTODY—APPEAL AND ERROR—STATUTES.

   An appellate court reviews a child custody case *de novo* and exercises independent judgment in passing upon the evidence; however, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCLA 722.28).

Appeal from Barry, Willard L. Mikesell, J. Sub-

REFERENCE FOR POINTS IN HEADNOTES
[1–5] 24 Am Jur 2d, Divorce and Separation §§ 172–826.

mitted Division 3 October 9, 1974, at Grand Rapids. (Docket No. 19814.) Decided November 7, 1974.

Complaint by Susan M. Baldwin against Stephen I. Baldwin for divorce. Divorce granted with custody of the child awarded to Brenda Barry. Plaintiff's petition for a change of custody denied. Plaintiff appeals. Brenda Barry and the Barry County Friend of the Court intervened as defendants. Reversed and remanded.

*Elizabeth Ramsey,* for plaintiff.

*Dimmers & Shaw,* for intervenors.

Before: ALLEN, P. J., and J. H. GILLIS and McGREGOR, JJ.

McGREGOR, J. Plaintiff Susan Marie Baldwin, now Susan Marie Griffeth, appeals the trial court's denial of her petition to amend the judgment of divorce to change the custody of her daughter, Jennifer Marie Baldwin, from Brenda Barry, defendant's sister, to plaintiff.

Plaintiff and defendant were married on February 20, 1971; their only child, Jennifer, was born October 16, 1971. In November, 1972, the parties separated; plaintiff instituted divorce proceedings in January, 1973, and was granted temporary custody of Jennifer. On February 27, 1973, defendant petitioned to modify the temporary order of custody. Despite the recommendation of the Friend of the Court that plaintiff maintain custody, the trial court modified its previous order and awarded defendant custody of the child, specifying that Jennifer be entrusted to Brenda Barry, defendant's sister, while defendant was at work. Upon recommendation by the Friend of the Court, the court

again modified the temporary custody order and awarded custody of the child to Mrs. Barry and gave each parent weekend visitation rights. When the divorce became final on August 21, 1973, custody of Jennifer was awarded to Brenda Barry. The parents were each given the right to take the child one weekend a month.

Plaintiff filed a petition for change of custody on January 9, 1974, in which she alleged that she had remarried, had ample room in her new apartment to provide a home for the child, and that it would be in the best interests of Jennifer if custody were awarded to plaintiff, since she and her present husband could provide the child with a proper home, care and environment.

A hearing was held on March 5, 1974, at which plaintiff testified that she and her husband managed a new apartment complex and that her husband was also employed in a welding shop. Plaintiff also called several witnesses who testified to her good relationship with Jennifer and the plaintiff's ability to provide the child with a proper home.

Defendant did not ask for custody, but simply requested that it not be changed, candidly admitting that he could not match the wholesome environment of the Barry home.

At the hearing, Brenda Barry presented evidence which demonstrated that Jennifer had received the best of care, love, and attention in the Barry home. Plaintiff does not dispute this fact. However, no real evidence was presented to demonstrate any deficiency in plaintiff's willingness or ability to provide those factors which are to be considered in evaluating and determining the best interests of the child. MCLA 722.23; MSA 25.312(3).

At the conclusion of the hearing the trial judge declined to change the custody provision of the divorce judgment, stating that his decision was based on the fact that Jennifer was receiving outstanding care, love and affection from the Barrys and that plaintiff had not demonstrated that she could match this care. A key consideration in the court's decision to deny plaintiff's petition for custody was the fact that plaintiff had been remarried only 5-1/2 months and, therefore, the marriage required more time to develop the necessary stability essential to the proper environment for the child.

The only statute considered by the court was MCLA 722.27(c); MSA 25.312(7)(c). The court stated that under this statute, it could not amend its previous custody order unless plaintiff presented "clear and convincing evidence that it is in the best interest of the child." The court concluded that, while plaintiff was interested in having custody of her child, the court could not justify an order changing custody "based upon the statute or the facts presented in this case."

Plaintiff contends on appeal that the trial court erred in refusing to grant her petition for custody of her child.

The guiding principle in deciding child custody matters is the best interest of the child. *Kurtz v Kurtz,* 32 Mich App 366; 188 NW2d 653 (1971). When a dispute is between a natural parent and third parties, a presumption arises to aid in determining where the best interests of the child lie. This presumption has been recognized in *In re Ernst,* 373 Mich 337; 129 NW2d 430 (1964), and in *In re Mark T,* 8 Mich App 122; 154 NW2d 27 (1967), which were cited in *Rincon v Rincon,* 29 Mich App 150, 152–153; 185 NW2d 195, 197 (1970):

"For the applicable law which is that in deciding a dispute between a natural parent and a third party it is presumed that the child's best interests lie with his natural parents' exercise of custodial rights absent the showing of the natural parents' unfitness or their neglect or abandonment of the child and the trial court may not indulge in a comparison of the parental home with the proposed alternative."

The Child Custody Act of 1970 has reaffirmed these principles. Section 5 of the act, MCLA 722.25; MSA 25.312(5) provides in part:

"When the dispute is between the parent or parents and an agency or a third person, it is presumed that the best interests of the child are served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence."

The defendant father did not petition for custody of Jennifer. Therefore, MCLA 722.25; MSA 25.312(5) is applicable, since the dispute is between the plaintiff-mother and a third person, a paternal aunt. MCLA 722.22(c); MSA 25.312(2)(c).

The trial court correctly cited § 7 of the Child Custody Act, MCLA 722.27(c); MSA 25.312(7)(c), as providing that the established custodial environment of a child cannot be changed absent "clear and convincing evidence that it is in the best interest of the child" to do so. However, the court overlooked the presumption created by § 5, which arises in a dispute between a parent and a third person. This presumption is sufficient to satisfy the "best interests" requirement of § 7, "unless the contrary is established by clear and convincing evidence".

The standard for appellate review of child custody cases is set forth in MCLA 722.28; MSA 25.312(8):

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

The trial court's failure to consider the presumption created by MCLA 722.25; MSA 25.312(5) in favor of plaintiff was "a clear legal error on a major issue".

In a child custody case, an appellate court reviews the matters *de novo* and exercises independent judgment in passing upon the evidence. *Outcalt v Outcalt,* 40 Mich App 392; 198 NW2d 779 (1972). Our review of the testimony leads us to the opposite conclusion from that reached by the trial court. There was no evidence presented that plaintiff's new marriage was unstable. Neither was there presented clear and convincing evidence to rebut the presumption created by MCLA 722.25; MSA 25.312(5). Therefore, the trial court's order denying plaintiff's petition for change of custody is reversed and the case is remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

All concurred.