STEVENS v STEVENS

Docket Nos. 77-4305, 78-1039. Submitted June 22, 1978, at Detroit.—
Decided October 3, 1978.

Todd R. Stevens was born to Katherine M. Stevens and David G.
Stevens. Plaintiff Katherine Stevens later filed for a divorce
from defendant, David Stevens. While the divorce action was
pending, plaintiff petitioned the Wayne Probate Court to have
Dale Stevens and his wife Jeannie Stevens, Todd's paternal
uncle and aunt, appointed as guardians for the child, who
suffers from cerebral palsy. The Wayne Probate Court, Ernest
C. Boehm, J., granted the plaintiff's petition. A default judg-
ment of divorce was subsequently entered by the Wayne Circuit
Court, Thomas J. Foley, J. Custody of the child was awarded to
the plaintiff but actual custody was to remain with the co-
guardians until further order of the court. Plaintiff then sought
a modification of the divorce judgment, seeking actual custody
of Todd. The Wayne Circuit Court then entered an interim
order granting the plaintiff certain visitation rights, Theodore
R. Bohn, J. The judgment of divorce was later modified so that
the actual custody of Todd was to be returned to the plaintiff,
Virginia A. Sobotka, J. Appellants, Dale and Jeannie Stevens,
appeal from the orders modifying the judgment of divorce
relative to custody and to visitation rights. Cases consolidated
on appeal. *Held:*

Courts sitting without a jury have a duty to make findings of
fact specially and to state separately their conclusions of law

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 67.
[2, 6] 42 Am Jur 2d, Infants § 42 *et seq.*
59 Am Jur 2d, Parent and Child §§ 32, 41.
[3] 42 Am Jur 2d, Infants § 43.
[4] 24 Am Jur 2d, Divorce and Separation § 784.
42 Am Jur 2d, Infants § 44.
Child's wishes as factor in awarding custody. 4 ALR3d 1396.
[5] 59 Am Jur 2d, Parent and Child § 26.
[7] 59 Am Jur 2d, Parent and Child § 45.
Visitation rights of persons other than natural or adoptive parents.
98 ALR2d 325.

thereon. A trial court must consider, evaluate, and determine all the factors enumerated in the Child Custody Act in determining the best interests of a child involved in a custody dispute. The child's reasonable preference as between the parties must be taken into account by the trial court when it examines the best interests of the child to see where custody shall reside where the court deems the child to be of sufficient age to express such a preference. It is presumed that the best interests of the child are served by awarding custody to the parent or parents, in a child custody dispute between the parent or parents and an agency or third person, unless the contrary is established by clear and convincing evidence that the best interests of the child are served by awarding custody to the third party. The established custodial environment of a child should not be changed absent clear and convincing evidence that it is in the best interest of the child. Disputes over visitation rights are governed by the Child Custody Act which requires a trial court to take the best interests of a child into account when ruling on visitation rights. The trial court did not make certain findings of fact in determining the best interests of the child in accordance with the requirements of the Child Custody Act and, therefore, erred in modifying the plaintiff's visiting rights.

Reversed and remanded.

1. COURTS—SITTING WITHOUT JURY—FINDINGS OF FACT—CONCLUSIONS OF LAW—COURT RULES.

Courts sitting without a jury have a duty to make findings of fact specially and to state separately their conclusions of law thereon (GCR 1963, 517.1).

2. INFANTS—DIVORCE—CHILD CUSTODY—CHILD CUSTODY ACT—FACTORS—BEST INTERESTS—STATUTES.

A trial court must consider, evaluate and determine all the factors enumerated in the Child Custody Act in determining the best interests of a child involved in a custody dispute (MCL 722.23; MSA 25.312[3]).

3. APPEAL AND ERROR—FINDINGS OF FACT—ABUSES OF DISCRETION—LEGAL ERRORS.

All orders and judgments of a circuit court made in a child custody dispute shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of the evidence, or committed a palpable abuse of discretion, or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

4. INFANTS—DIVORCE—CHILD CUSTODY—CHILD'S REASONABLE PREFER-ENCE—STATUTES.

> A trial judge's failure to speak with the child involved in a custody dispute in order to ascertain the child's reasonable preference as between the parties to the dispute generally requires remand; this factor must be taken into account by the trial court when it evaluates the best interests of the child to see where custody shall reside where the court deems the child to be of sufficient age to express a preference (MCL 722.23; MSA 25.312[3]).

5. INFANTS—DIVORCE—CHILD CUSTODY—PARENTS—THIRD PARTIES—BEST INTERESTS—PRESUMPTIONS—STATUTES.

> It is presumed that the best interests of the child are served by awarding custody to the parent or parents, in a child custody dispute between the parent or parents and an agency or a third person, unless the contrary is established by clear and convincing evidence; the presumption is rebutted where clear and convincing evidence establishes that the best interests of the child are served by awarding custody to the third party (MCL 722.25; MSA 25.312[5]).

6. INFANTS—DIVORCE—CHILD CUSTODY—BEST INTERESTS—EVIDENCE—STATUTES.

> The established custodial environment of a child should not be changed absent clear and convincing evidence that it is in the best interest of the child (MCL 722.27[c]; MSA 25.312[7][c]).

7. INFANTS—VISITATION RIGHTS—CHILD CUSTODY ACT—CHILD'S BEST INTERESTS—STATUTES.

> Disputes over visitation rights are governed by the Child Custody Act which requires the trial court to take the best interests of the child into account when ruling on visitation rights (MCL 722.27[b]; MSA 25.312[7][b]).

*Frank R. Langton & Associates, P.C.* (by *David W. Martin*), for plaintiff.

*Fred Checkaway,* for co-guardians.

Before: R. M. MAHER, P.J., and J. H. GILLIS and McGREGOR,* JJ.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

R. M. MAHER, P.J. The appellants herein appeal from two trial court orders. One dated November 2, 1977, transferred custody of appellants' nephew, Todd Stevens, to plaintiff, Katherine Stevens, Todd's natural mother. The other order, dated March 22, 1978, modified plaintiff's visitation rights.

Todd Richard Stevens was born on June 29, 1972, to Katherine Stevens, plaintiff herein, and David Stevens. Katherine filed for divorce in January, 1974. Three days after filing for divorce, plaintiff petitioned the Wayne County Probate Court to have appellants, Dale Stevens and his wife Jeannie Stevens, Todd's paternal uncle and aunt, appointed as co-guardians for her son, who suffers from cerebral palsy. Mr. and Mrs. Stevens have had physical custody ever since.

On January 23, 1975, a default judgment of divorce was entered. Custody of Todd was awarded to plaintiff, Katherine Stevens, who allowed her son to remain with Dale and Jeannie Stevens.

On July 16, 1976, plaintiff petitioned the trial court for a change of custody, asking that complete custody be returned to her. The court referred the matter to the Friend of the Court for his report and recommendation. During the course of the investigation, the trial court entered an order granting plaintiff the right to visit Todd one day every weekend for three hours at appellants' house while this action was pending. The mother rarely visited the child.

The report of the Friend of the Court recommended that the established custodial environment of the child should not be changed. But the trial court, after holding a hearing and upon review of the Friend of the Court's recommendation, ordered that custody of Todd be returned to his

natural mother, the plaintiff. Dale Stevens and his wife appealed and moved for a stay of execution, which was granted by this Court. On March 22, 1978, the trial court entered an interim order modifying the visitation rights. Plaintiff could visit Todd one weekend a month away from the custodial home. The visitation order also provided that plaintiff could visit Todd for one week, from June 10 to June 18, 1978, away from the custodial home.

We turn first to the assertion of the appellants that in making its decision the trial court did not make specific independent evidentiary findings of fact and conclusions of law. GCR 1963, 517.1 imposes on courts, sitting without juries, the duty to make findings of fact specially and to state separately their conclusions of law thereon. Moreover, the Child Custody Act requires the trial court to consider, evaluate and determine all the factors enumerated in the act at MCL 722.23; MSA 25.312(3).[1]

---

[1] The following are the factors enumerated at MCL 722.23; MSA 25.312(3):

"Best interests of the child" means the sum total of the following factors to be considered, evaluated and determined by the court:

"(a) The love, affection and other emotional ties existing between the competing parties and the child.

"(b) The capacity and disposition of competing parties to give the child love, affection and guidance and continuation of the educating and raising of the child in its religion or creed, if any.

"(c) The capacity and disposition of competing parties to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

"(d) The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity.

"(e) The permanence, as a family unit, of the existing or proposed custodial home.

"(f) The moral fitness of the competing parties.

"(g) The mental and physical health of the competing parties.

"(h) The home, school and community record of the child.

"(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference.

Proper fact findings are essential in child custody cases. *Zawisa v Zawisa,* 61 Mich App 1; 232 NW2d 275 (1975). Definite findings of fact and conclusions of law must be made if the explicit standard for appellate review of child custody orders provided in the act is to be meaningful. *Lewis v Lewis,* 73 Mich App 563; 252 NW2d 237 (1977). Under the statutory standard all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of the evidence, or committed a palpable abuse of discretion, or a clear legal error on a major issue.

In the case at bar, the trial judge, before ruling, disclosed that he had read the entire summary of the Friend of the Court and his recommendation. In his ruling, the judge apparently relied on the findings in the reports prepared by the Friend of the Court. Because of this judicial reliance, the Friend of the Court's findings should be examined to ascertain if they comport with the mandate of MCL 722.23. See *Hilbert v Hilbert,* 57 Mich App 247; 225 NW2d 697 (1974).

In his findings, the Friend of the Court thoroughly examined seven of the factors in MCL 722.23.[2] He did not specifically address the home,

---

"(j) Any other factor considered by the court to be relevant to a particular child custody dispute."

[2] The report of the Friend of the Court included the following findings:

"In determining the best interests of the minor child TODD, a number of factors have been considered. The love, affection and other emotional ties existing between the parties and the child appear to be about equal. However, the respondents have had much more association with the child.

"Both the petitioner and the respondents appear to have the capacity to give the child love, affection and guidance. Moreover, they all have about the same capacity to provide the child with food, clothing and medical care. The petitioner, as well as the respondent uncle, are working. In addition, the respondent-aunt testified that she quit her job in 1974 to care for the child.

"With respect to medical care, it is noted that the child has

school and community record of the child, but testimony at the hearing conducted by the Friend of the Court asserted that the home, school and community development of the child was normal.

Nor did the judge elicit from Todd his reasonable preference as required in MCL 722.23(i). The report of the Friend of the Court likewise lacked an expression of Todd's preference. The failure of the trial judge to speak with the child or at least to set out his reasons for not speaking with the child, generally requires remand. *In re Custody of James B,* 66 Mich App 133; 238 NW2d 550 (1975). We deem the fact findings in this case, based as they were on the explicit fact findings of the Friend of the Court, to be sufficient, with the exception of the trial judge's failure to interview Todd as to his preference. Before discussing the consequences of that failure, it is necessary for us to consider another of appellants' allegations of error.

Appellants claim that the ruling of the trial court, granting custody to Todd's natural mother, is against the great weight of the evidence. But we must grapple here not so much with a factual evidentiary question as with two competing legal

cerebral palsy, and the respondents have seen him through two (2) operations since they assumed physical custody.

"It has also been shown through the testimony that the minor child has lived in a stable and satisfactory environment since the respondents have had physical custody.

"Both sides agreed that the present home of the respondents is physically suitable. The proposed home of the petitioner is being built, and she expects to move into it shortly with her husband and their child.

"There appears to be no question regarding the physical, mental and moral fitness of the parties to care for the child.

"Considering all the factors, it does not appear that the established custodial environment of the child should be changed. No clear and convincing evidence has been presented which would substantiate a conclusion that it would be in the best interests of the child to award his physical custody to the petitioner, rather than to the respondents.

presumptions. The trial court's ruling was based on a statutory presumption which favors the natural parent in certain custody cases. The judge held MCL 722.25; MSA 25.312(5) applicable. That section provides:

"When the dispute is between the parents, between agencies or between third persons the best interests of the child shall control. When the dispute is between the parent or parents and an agency or a third person, it is presumed that the best interests of the child are served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence."

The competing statutory presumption is contained in MCL 722.27(c); MSA 25.312(7)(c), which states:

"If a child custody dispute has been submitted to a circuit court as an original action under this act or has arisen incidentally from other actions therein or orders or judgments thereof, for the best interests of the child the court may:

\* \* \*

"(c) Modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches the age of 18 years or in exceptional circumstances, until the child reaches majority. *The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child.* The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in such environment for guidance, discipline, the necessities of life and parental comfort. The age of the child, the physical environment and the inclination of the custodian and the child as to permanency of the relationship shall also be considered." (Emphasis supplied.)

Contrary to what the trial judge did in his decision, the Friend of the Court had applied MCL 722.27(c), viewing the custody proceedings as an attempted change in the established custodial environment of the child. The trial judge, on the other hand, concluded that appellants' custody of Todd was intended as a temporary arrangement and that, therefore, MCL 722.27(c) did not apply. In utilizing MCL 722.25, the trial court held that appellants had not presented evidence to rebut the presumption in favor of the natural mother.

In *Baldwin v Baldwin,* 56 Mich App 489; 224 NW2d 116 (1974), a panel of this Court dealt with the competing provisions of MCL 722.25 and 722.27. The *Baldwin* Court concluded that custody will be awarded to the natural parent, in a child custody suit between a parent and a third party, when no clear and convincing evidence is presented to rebut the statutory presumption that favors the parent, even though the established custodial environment of the child will be changed thereby. The Court stated that no real evidence was presented to demonstrate any deficiency in the natural parent's willingness or ability to provide those factors which are to be considered in evaluating and determining the best interests of the child. The suggestion, both in the *Baldwin* language and in the cases it cites for support, is that only a finding of unfitness on the part of the natural parent could rebut the presumption contained in MCL 722.25.

In *Bahr v Bahr,* 60 Mich App 354; 230 NW2d 430 (1975), this Court confronted the interplay of the two presumptions. In that case the Court held:

"Still recognized, of course, is the presumption that the best interests of the child would be served by

granting custody to the natural parent. MCLA 722.25, *supra.* Indeed this remains a presumption of the strongest order and it must be seriously considered and heavily weighted in favor of the parent. *Nevertheless if the 'clear and convincing evidence' establishes that the best interest of the child is served by awarding custody to the third party, the presumption is rebutted."* 60 Mich App at 359. (Emphasis supplied.)

The Court went on to say that rebuttal of the presumption in favor of parental custody no longer requires proof of parental unfitness, neglect, or abandonment. According to the Court, the Child Custody Act of 1970 repudiated such a doctrine as well as those cases, cited in *Baldwin,* which espoused the doctrine.

We agree with the Court in Bahr.[3] The overriding concern of the Child Custody Act of 1970 and, for that matter, of all child custody litigation is the best interests of the child. That concern is not addressed when there exists a presumption in favor of parental custody which can be rebutted only by a showing of unfitness. In a case such as *Baldwin,* the best interests of the child become subservient to the rights of the parent. We do not believe that is what the Legislature intended. The presumption in favor of the natural parent is rebutted if clear and convincing evidence establishes that the best interests of the child are served by awarding custody to the third party.

*In re Maria S. Weldon,* 397 Mich 225; 244 NW2d 827 (1976), a case in which five of the Justices participated, suggests that three members of the Supreme Court support the reasoning of *Bahr.*

[3] Two members of this panel, Judge McGREGOR and Judge GILLIS, were on the panel which decided *Baldwin v Baldwin, supra.* To the extent that case fails to use the criterion of the best interests of the child in determining custody, it no longer reflects the views of either judge.

Speaking of the controlling criterion in the Child Custody Act, Justice WILLIAMS stated:

"It is abundantly clear to me that the whole purpose of the act is to serve 'the best interests' of the child[1] and the second sentence in § 5 establishes that as between the natural parents and the third party the criterion is 'the best interests of the child'. It presumes that this interest shall be placement or custody with the natural parent unless the opposing party proves the opposite.[2]

"[1] The whole purpose of the act is 'to declare the inherent rights of minor children; to establish rights and duties to their custody, support and visitation in disputed actions * * * '.

"[2] Section 5 provides that '[w]hen the dispute is between the parent or parents and an agency or a third person, it is presumed that the best interests of the child are served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence'.

"The standard for establishing the contrary is to determine the best interests of the child as set forth in § 3. *See, e.g., Bahr v Bahr*, 60 Mich App 354, 357–360; 230 NW2d 430 (1975); *lv den'd*, 394 Mich 794 (1975)." 397 Mich at 240.

In a concurring opinion in which Justice FITZGERALD joined, Justice COLEMAN quoted extensively and approvingly from *Bahr.* She concluded that the presumption in MCL 722.25 in favor of a natural parent may be overcome by something other than a finding that the parent is unfit.

"[F]itness is not an impermeable wall to keep out all other considerations. That isolated factor is not determinative, but may be one of many factors employed by a judge." 397 Mich at 277 (Footnote omitted.)

The omitted footnote cites the text of MCL 722.23; MSA 25.312(3) which lists the factors to consider in determining the best interests of the child. Justice COLEMAN also cites from numerous cases and articles which hold that a child should remain with the third party rather than with the natural

parent if by such an arrangement the best interests of the child will be served, despite the fact that the natural parent is not unfit.

The reasoning in *Bahr,* which we adopt, requires that the basic inquiry be into the best interests of the child. The presumptions in MCL 722.25 and MCL 722.27(c) should be recognized equally, with the best interest of the child as the overriding concern, a concern sufficient to overcome any of the rebuttable presumptions in the statute.

Because we adopt the holding and reasoning of *Bahr,* a remand is necessary. The trial judge gave too much weight to the presumption in favor of the natural parent, treating it as a presumption rebuttable only by a demonstration of the natural parent's unfitness. On remand the trial court must recognize that the standard with which we deal is the best interests of the child and must use it. While the presumption in favor of the natural parent exists, it can be rebutted if clear and convincing evidence establishes that the best interests of the child are served by awarding custody to the third party. *Bahr v Bahr,* 60 Mich App at 359.

It will also be necessary on remand for the trial judge, should he deem the child to be of sufficient age to express preference, to speak with Todd to consider, evaluate and determine his reasonable preference as between the parties. That factor must then be taken into account by the trial court when it evaluates the best interests of the child to see where custody shall reside.

Our disposition of this case makes it necessary for us to consider the issue of visitation rights. We must determine whether the trial court erred in modifying plaintiff's visitation rights without making any findings of fact or remanding the case to the Friend of the Court for a recommendation.

Disputes over visitation rights are governed by the Child Custody Act. *Stevenson v Stevenson*, 74 Mich App 656; 254 NW2d 337 (1977). MCL 722.27(b); MSA 25.312(7)(b) requires the trial court to take the best interests of the child into account when ruling on visitation rights. When the requested modification amounts to a change in the established custodial environment, the trial court should not grant such a modification unless it is persuaded by clear and convincing evidence that the change would be in the best interests of the child. MCL 722.27(c); MSA 25.312(7)(c), *Stevenson v Stevenson, supra.*

In order to determine what the best interests of the child are, the trial court has to make certain findings of fact. See MCL 722.23. The trial court failed to do this in the present case and, therefore, erred in modifying visitation rights.

As to visitation rights, the case is remanded for further findings and the introduction of medical evidence concerning Todd's health and his ability to cope with a limited dual custody environment. See *Lorenz v Lorenz,* 70 Mich App 356; 247 NW2d 569 (1976).

As to custody, the case is remanded so that the trial judge, in making an award, may use the criterion of the best interests of the child as contained in *Bahr v Bahr, supra.* While weight must be given to the presumption in favor of the natural parent, it is a presumption which can be rebutted by a showing that the best interests of the child would be served by another arrangement.

In addition, on remand, should the trial judge interview Todd to ascertain with whom he would prefer to reside, this factor should be but one of the considerations the judge uses in deciding where the best interests of the child lie.

At the trial level, the case was heard, at various stages, by several acting judges who are responsible for the present outcome. The case is remanded to Judge Thomas J. Foley for consideration of these issues in a manner consistent with this opinion.

Reversed and remanded.