BECKER v BECKER

Docket No. 46220. Submitted November 9, 1979, at Grand Rapids.—
Decided February 6, 1980.

Sharon L. Becker was granted a divorce from David A. Becker,
Barry Circuit Court, Hudson E. Deming, J. Custody of the
parties' minor daughter Stacy was granted to her father. Judg-
ment was entered January 2, 1979, with an automatic review of
custody to take place on June 8, 1979. At the June 8th hearing
testimony was taken from the parties and other persons. At the
conclusion of the hearing the court issued an opinion changing
custody from father to mother. An order was entered accord-
ingly. Defendant appeals, contending that the trial court find-
ings were against the great weight of the evidence, that the
established custodial environment of a child should not be
changed and that his home is a more permanent family unit.
*Held:*

The Court of Appeals, upon the record made, is not per-
suaded that in the interval between January 2, 1979, and June
8, 1979, a permanent custodial environment had been estab-
lished. A grant of custody to defendant would mean a change in
custodial environment because he contemplated moving from
his parents' residence, where the child had stayed, and estab-
lishing his own home. The trial court did not abuse its discre-
tion.

Affirmed.

1. APPEAL AND ERROR — DIVORCE — CHILD CUSTODY — BEST INTER-
ESTS — EVIDENCE — STATUTES.

The established custodial environment of a child should not be
changed absent clear and convincing evidence that it is in the
best interest of the child (MCL 722.27[c]; MSA 25.312[7][c]).

2. APPEAL AND ERROR — DIVORCE — CHILD CUSTODY — DE NOVO
REVIEW — FRIEND OF THE COURT REPORTS.

The Court of Appeals considers Friend of the Court reports in

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 819 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 687.

weighing the evidence in its *de novo* review of divorce and child custody decisions.

*Garlington & Sluiter,* for plaintiff.

*Varnum, Riddering, Wierengo & Christenson* (by *Dennis C. Kolenda* and *Barbara R. Etheridge),* for defendant.

Before: V. J. BRENNAN, P.J., and BEASLEY and G. E. BOWLES,* JJ.

G. E. BOWLES, J. On April 28, 1978, plaintiff filed a divorce action against defendant in Barry County Circuit Court. On May 12, 1978, plaintiff was granted temporary custody of the parties' minor daughter, Stacy, born June 26, 1976. Following a contested trial in January 1979, the circuit judge granted custody of Stacy to her father. The judgment was entered January 2, 1979, with an automatic review of custody to take place on June 8, 1979. The trial judge requested and received two reports and recommendations from the Friend of the Court dated December 1978 and June 1979. Both recommended a grant of custody to the mother. At the June 8th hearing testimony was taken from the parties and other persons.

Testimony showed the following. Stacy was then living with her father's parents. She was cared for by her paternal grandmother and by a Mrs. Elsie. Defendant, if granted custody, intended to move out of his parents' house and establish his own home. His hours of employment were 6:15 a.m. to 3:45 p.m. The paternal grandmother was currently employed full-time. Defendant bowls Monday evenings. The grandmother cared for Stacy before

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

transporting her to nursery school two days a week and to Mrs. Elsie's the other three days. Defendant picked up Stacy in the afternoon and was responsible for her after-dinner activities, including snacks, bathing and reading. A nursery school teacher reported Stacy had improved in school progress. Mrs. Elsie also testified to improvement. Stacy's mother discussed her home with two sons of a former marriage. She had a regular babysitter 20 years old, previously approved by the father. She further indicated that there was a close relationship between Stacy and her two sons. Plaintiff also reported a stabilization of her social life. Her boyfriend indicated that he was seeing her infrequently and did not stay overnight. Plaintiff attended a class one night a week, a second night was spent socially, and she had activity outside the home Saturday afternoon. Plaintiff is employed full-time earning approximately $12,500 a year and in addition she receives $40 weekly child support for the two sons of her former marriage. Plaintiff exercised visitation regularly while Stacy was in her father's custody.

The trial judge reviewed the statutory criteria mandated by MCL 722.23; MSA 25.312(3). He found the parties were equally suitable custodians with respect to their love and affection for their child, their ability to provide Stacy with food, clothing and medical care, the permanence of their respective family units, moral fitness, mental and physical health, and that either parent would strive to see Stacy's good home and school record continued.

He found Stacy of insufficient age to express a preference. Neither party requested that she be interviewed by the court. The judge also considered the child's sex and the mother-daughter rela-

tionship as well as the desirability that she be with her half brothers as allowed by MCL 722.23(j); MSA 25.312(3)(j). While commending the grandmother the trial judge expressed dissatisfaction with the father's prospective arrangements which would include transportation of Stacy at an early hour to the paternal grandparents. He ordered that custody be given to the plaintiff.

Defendant claims that the trial court findings were against the great weight of the evidence. Defendant also argues that the court ignored the mandate of MCL 722.27(c); MSA 25.312(7)(c). This section provides in relevant part:

"The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child."

Defendant further claims that his home is a more permanent family unit. MCL 722.28; MSA 25.312(8) provides:

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or clear legal error on a major issue."

Review is *de novo* but special consideration is given to a trial court's findings. *Eigner v Eigner,* 79 Mich App 189; 261 NW2d 254 (1977). In weighing the evidence on review consideration is given to the report of the Friend of the Court. *Stevens v Stevens,* 86 Mich App 258; 273 NW2d 490 (1978).

Minor child Stacy had been in her mother's

custody except for the five-month interval between the time of the entry of the judgment of divorce and the automatic review of that grant of custody. The trial court's provision at judgment for automatic review is significant. It indicates a cautious effort to take a long second look and review of custody in the light of the facts and circumstances then existing.

The Child Custody Act does evidence concern that a minor child not be shuffled back and forth between custodians. That is the persuasive reason for giving careful consideration to continuance of an established custodial environment in order to promote emotional stability of the child. Under the facts of this case, particularly in view of the automatic review which the trial judge provided for in the divorce judgment, it cannot be urged persuasively that in the interval a permanent custodial environment had been established. See *Berman v Berman,* 84 Mich App 740; 270 NW2d 680 (1978). Indeed, the trial judge noted that a grant of custody to defendant meant a change in the custodial environment since he contemplated moving out of his parents' residence and establishing his own home. Under the record made, this Court finds that the trial court did not abuse its discretion.

Affirmed.