HALL v HALL

Docket No. 44744. Submitted October 17, 1979, at Detroit.—Decided
    February 21, 1980.

The Macomb Circuit Court, Raymond R. Cashen, J., granted
    plaintiff, Sharon Y. Hall, a divorce from defendant, David E.
    Hall, and granted custody of their two minor children to
    defendant. Plaintiff appeals, alleging that the trial court erred
    in presuming she was an unfit mother because she had chosen
    to enter into a lesbian relationship. *Held:*

The record indicates that the trial court considered a number
    of factors in determining the moral fitness of plaintiff. Her
    homosexuality was one of the factors and the court properly
    considered it.

Affirmed.

PARENT AND CHILD — DIVORCE — CUSTODY — FACTORS AFFECTING
    MORAL FITNESS — HOMOSEXUALITY.

A trial court in a divorce action correctly considered the homo-
    sexuality of a party as one factor in its determination of moral
    fitness to have custody of the minor children.

*Nowinski & Wagner, P.C.,* for plaintiff.

David E. Hall, *in propria persona.*

Before: M. F. CAVANAGH, P.J., and M. J. KELLY
and D. S. DeWITT,* JJ.

PER CURIAM. This appeal of right is claimed by
the plaintiff from a judgment of divorce which

REFERENCES FOR POINTS IN HEADNOTE
[1] 24 Am Jur 2d, Divorce and Separation § 788.
    42 Am Jur 2d, Infants §§ 42, 51.
    59 Am Jur 2d, Parent and Child § 26.
    * Circuit judge, sitting on the Court of Appeals by assignment.

granted defendant the custody of the parties' two minor children.

Plaintiff first argues the trial court abused its discretion in making findings of fact pursuant to MCL 722.23; MSA 25.312(3), premised on the allegation that the trial court presumed plaintiff was an unfit mother because she had chosen to enter into a lesbian relationship. The record refutes that allegation. The detailed findings of the trial court fully and fairly considered all of the evidence that was presented by the parties. With regard to the plaintiff's admitted preference for a homosexual relationship, the evidence was found to demonstrate that, given a conflict, the plaintiff would unquestionably choose the relationship over the children. Such potential conflict may be considered as bearing on the issue of which parent is the more qualified to furnish guidance in the best interests of the children. We are also persuaded that the trial court correctly regarded plaintiff's homosexuality as only one factor in its determination of moral fitness. Consideration was clearly given to defendant's lifestyle as well in this regard. Finally, under the "catch-all" factor (j), the lower court found the evidence indicated that the interests of the children could well be subverted by plaintiff's relationship, which was clearly the chief priority in her life. It is evident from the record that the trial court fairly considered all of the evidence presented and based its custody decision on sensitive and sophisticated findings of fact. *Stevens v Stevens,* 86 Mich App 258, 263; 273 NW2d 490 (1978).

As to the other issue raised by plaintiff on appeal, we find no abuse of discretion in the trial court's ruling. *People v Castillo,* 82 Mich App 476, 480-481; 266 NW2d 460 (1978).

Affirmed.