# STATE OF MICHIGAN

# COURT OF APPEALS

EMILY R. VARRAN, by Next Friend, JULIA M. VARRAN,

Plaintiff,

v

PETER J. GRANNEMAN,

Defendant-Appellant,

and

DEBORAH GRANNEMAN and JAMES GRANNEMAN,

Interveners-Appellees.

FOR PUBLICATION
October 13, 2015

Nos. 321866; 322437
Washtenaw Circuit Court
LC No.  03-000271-DC

Before:  RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

MURPHY, J. (*dissenting*).

I conclude that defendant Peter Granneman (father) was required to pursue his appeal by an application for leave and that he was not entitled to appeal the trial court's decision as of right.  Therefore, I would dismiss father's claim of appeal for lack of jurisdiction under MCR 7.203(A).[1]  In my view, the clear intent of the Supreme Court in drafting MCR 7.202(6)(a)(iii) was to allow for an appeal of right solely with respect to postjudgment orders in domestic relations actions in which a court either granted a motion that effectively sought to change the legal or physical custody of a minor or denied such a motion.  The Supreme Court did not intend to provide for an appeal of right in cases involving a postjudgment order in which a court ruled on a motion for or to modify grandparenting or parenting time, neither of which is mentioned in MCR 7.202(6)(a)(iii).  In the simplest of terms relative to postjudgment proceedings, custody decisions are appealable of right under MCR 7.203(A)(1) and MCR 7.202(6)(a)(iii), and

---

[1] The Supreme Court's remand orders indicated, in part, that "[i]f the Court of Appeals determines that the . . . [trial court's] order[s] [are] not appealable by right, it may then dismiss . . . [father's] claim[s] of appeal for lack of jurisdiction[.]" *Varran v Granneman*, 497 Mich 928 and 929; 856 NW2d 555 (2014).

-1-

grandparenting and parenting time decisions are appealable by applications for leave to appeal under MCR 7.203(B). Accordingly, I respectfully dissent.

"Whether this Court has jurisdiction to hear an appeal is an issue that we review de novo." *Wardell v Hincka*, 297 Mich App 127, 131; 822 NW2d 278 (2012). We likewise review de novo as a question of law the proper interpretation and application of the court rules. *Haliw v Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005). In *Fleet Business Credit, LLC v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 591; 735 NW2d 644 (2007), this Court set forth the governing principles concerning the construction of a court rule:

> The interpretation of court rules is governed by the rules of statutory interpretation. Court rules should be interpreted to effect the intent of the drafter, the Michigan Supreme Court. . . . Clear and unambiguous language is given its plain meaning and is enforced as written. But language that is facially ambiguous, so that reasonable minds could differ with respect to its meaning, is subject to judicial construction. [Citations and quotation marks omitted.]

MCR 7.203(A)(1) provides, in part, that this Court "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court . . . as defined in MCR 7.202(6) . . . ." And MCR 7.202(6)(a)(iii) provides that a final judgment or order includes, "in a domestic relations action, a postjudgment order affecting the *custody* of a minor."[2] (Emphasis added.)

In the context of family law, "custody" broadly means " '[t]he care, control, and maintenance of a child awarded by a court to a responsible adult.' " *In re AJR*, 496 Mich 346, 358; 852 NW2d 760 (2014) (citation omitted; alteration in original). In Michigan, two forms of custody are recognized – "physical" custody and "legal" custody. *Id.* at 359. "[T]he Child Custody Act draws a distinction between physical custody and legal custody: Physical custody pertains to where the child shall physically 'reside,' whereas legal custody is understood to mean decision-making authority as to important decisions affecting the child's welfare." *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 511; 835 NW2d 363 (2013), citing MCL 722.26a(7)(a) and (b); see also *In re AJR*, 496 Mich at 359.[3] In relationship to resolving custody disputes, a trial court may "[p]rovide for reasonable parenting time of the child by the parties involved, by the maternal or paternal grandparents, or by others, by general or specific terms and conditions." MCL 722.27(1)(b). "Visitation," as considered in the context of either parenting or grandparenting time, differs from custody and merely pertains to a person having a "period of access to a child[,]" during which the person "is responsible for the care of the child[.]" *Black's*

---

[2] I do agree with the majority that neither of the postjudgment orders at issue qualify as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties" for purposes of MCR 7.202(6)(a)(i).

[3] Legal custody concerns the authority to decide such matters as what school a child will attend or which doctor a child will visit for regular medical care. See *Dailey v Kloenhamer*, 291 Mich App 660, 666; 811 NW2d 501 (2011); *Bowers v VanderMeulen-Bowers*, 278 Mich App 287, 295-296; 750 NW2d 597 (2008).

*Law Dictionary* (7th ed); see also MCL 722.27 (custody and custody-related matters); MCL 722.27a (parenting time); MCL 722.27b (grandparenting time).

There is no dispute that a postjudgment order in a domestic relations action that actually changes the legal or physical custody of a minor constitutes an order "affecting the custody of a minor," giving rise to an appeal of right under MCR 7.202(6)(a)(iii). See *Wardell*, 297 Mich App at 131-132. In *Wardell*, this Court concluded that a postjudgment order that *denies* a motion for change of custody also qualifies as an order that affects the custody of a minor for purposes of MCR 7.202(6)(a)(iii). *Id.* at 133. The *Wardell* panel reasoned as follows:

> Black's Law Dictionary defines "affect" as "[m]ost generally, to produce an effect on; to influence in some way." Black's Law Dictionary (9th ed), p 65. In a custody dispute, one could argue, as plaintiff does, that if the trial court's order does not change custody, it does not produce an effect on custody and therefore is not appealable of right. However, one could also argue that when making determinations regarding the custody of a minor, a trial court's ruling necessarily has an effect on and influences where the child will live and, therefore, is one affecting the custody of a minor. Furthermore, the context in which the term is used supports the latter interpretation. MCR 7.202(6)(a)(iii) carves out as a final order among postjudgment orders in domestic relations actions those that affect the custody of a minor, not those that "change" the custody of a minor. As this Court's long history of treating orders denying motions to change custody as orders appealable by right demonstrates,[4] a decision regarding the custody of a minor is of the utmost importance regardless of whether the decision changes the custody situation or keeps it as is. We interpret MCR 7.202(6)(a)(iii) as including orders wherein a motion to change custody has been denied. [*Wardell*, 297 Mich App at 132-133 (alteration in original).]

---

[4] There is also a history of this Court treating parenting time decisions as appealable by application for leave. See, e.g., *Young v Punturo (On Rehearing)*, 270 Mich App 553, 554; 718 NW2d 366 (2006) ("Plaintiff . . . appeals to this Court by leave granted the . . . order . . . which denied plaintiff's motion to dismiss a parenting time review pending in the circuit court."); *Brown v Loveman*, 260 Mich App 576, 578; 680 NW2d 432 (2004) ("Plaintiff appeals by leave granted from the trial court's order adopting a parenting time schedule proposed by defendant[.]"); *DeVormer v DeVormer*, 240 Mich App 601, 602; 618 NW2d 39 (2000) ("Defendant appeals by leave granted a circuit court order denying his motion for parenting time with his son[.]"). Further, this Court has treated grandparenting time decisions, arising out of motions and not independent complaints, as appealable by application for leave. See, e.g., *Book-Gilbert v Greenleaf*, 302 Mich App 538, 539; 840 NW2d 743 (2013) ("[T]he minor child's paternal grandmother[] appeals by leave granted the family court order denying her motion for grandparent visitation, MCL 722.27b."); *In re Keast*, 278 Mich App 415, 417; 750 NW2d 643 (2008) (The foster care provider "appeals by leave granted an . . . order allowing the maternal grandparents of the children . . . visitation with the children."); *Bert v Bert*, 154 Mich App 208, 211; 397 NW2d 270 (1986) ("The validity of the trial court's actions in regard to the petition for grandparent visitation are now before this Court on leave granted.").

The *Wardell* decision did not address postjudgment orders regarding motions for or to modify parenting or grandparenting time. And the Court's discussion of the term "affecting" as used in MCR 7.202(6)(a)(iii) was limited to the framework of a physical custody decision or, in other words, "a trial court's ruling [that] necessarily has an effect on and influences where the child will live[.]" *Id.* at 132.[5] Similar to *Wardell*, I believe that the Supreme Court employed the term "affecting" in MCR 7.202(6)(a)(iii) in order to ensure an appeal of right with respect to not only postjudgment orders actually changing the custody of a minor, but also postjudgment orders denying a motion to change custody. If the Supreme Court had intended to additionally allow for an appeal of right in regard to postjudgment parenting or grandparenting time orders, it certainly would have used language referencing "parenting time," "grandparenting time," or "visitation."

The trial court's order here did not have an effect on or influence where the child would live; therefore, it was not a postjudgment order affecting the physical custody of a minor for purposes of MCR 7.202(6)(a)(iii). An order that effectively determines the physical custody arrangement or statuses of the parties, i.e., one that resolves whether a party will now have or continue having no physical custody, sole physical custody, or joint physical custody of a minor, would be an order truly having an effect on or influencing where a minor will live. The entry of such an order was not even a remote possibility in the present case in light of the nature of the postjudgment motion that merely sought limited grandparenting time.

I next address this Court's opinion in *Rains v Rains*, 301 Mich App 313; 836 NW2d 709 (2013). In *Rains*, the parties had joint legal and physical custody of their minor child pursuant to a divorce judgment. The plaintiff subsequently filed a motion for change of domicile, seeking to move the child from the Detroit area to Traverse City. The plaintiff proposed an associated modification of the defendant's parenting time to every other weekend relative to the school year, constituting a significant reduction in the defendant's time with the child under the existing joint custody arrangement. *Id.* at 315. The defendant argued that "the move would turn defendant into a 'weekend dad' instead of a full-time dad[.]" *Id.* at 318-319. The defendant filed his own motion, requesting sole physical custody of the child. *Id.* at 315. The trial court denied the plaintiff's motion for change of domicile, modified the parenting time schedule to a straight alternating week format, and implicitly denied the defendant's motion to change custody. *Id.* at 319, 323. The plaintiff filed an appeal of right, and the defendant argued "that the appeal should be dismissed for lack of jurisdiction because the trial court's order denying plaintiff's motion for change of domicile was not a final order appealable as of right." *Id.* at 319-320.

Referencing and quoting the *Wardell* opinion, the *Rains* panel stated that "we must ask whether the trial court's order denying plaintiff's motion for a change of domicile 'influences

---

[5] The Court's examination of the issue in terms of whether an order affected where a child would "live" plainly indicated that the panel was focused on "physical" custody and not "legal" custody. The *Wardell* parties had joint physical and legal custody, which remained in place after the trial court denied competing motions to change custody. *Wardell*, 297 Mich App at 129-130. It does not appear that the parties or the trial court in *Wardell* were concerned with legal custody matters.

where the child will live,' regardless of whether the trial court's ultimate decision keeps the custody situation 'as is.' " *Rains*, 301 Mich App at 321, citing and quoting *Wardell*, 297 Mich App at 132-133. The Court noted that, "[u]nder *Wardell*, a trial court need not change a custodial arrangement in order for its decision to affect custody." *Rains*, 301 Mich App at 323.[6] The Court further stated and held:

> Plaintiff had hoped to move the child to Traverse City, where he would reside primarily with her and see defendant every other weekend. The trial court's decision not to allow such a move to take place necessarily influenced where the child would live. Therefore, the fact that the parties were left in status quo as a result of the trial court's order is not dispositive.

> Further, as in *Thurston* [*v Escamilla*, 469 Mich 1009; 679 NW2d 696 (2004)] and as further discussed below, the parties in this case enjoyed joint legal and physical custody of the child and there was an established joint custodial environment with both parents. If a change in domicile will substantially reduce the time a parent spends with a child, it would potentially cause a change in the established custodial environment. Therefore, we conclude that plaintiff has properly invoked appellate jurisdiction as of right. *Wardell* has provided an expansive definition of "affecting the custody of a minor." Additionally, in *Thurston* our Supreme Court indicated that an order on a motion for change of domicile that could affect an established joint custodial environment is appealable by right. [*Rains*, 301 Mich App at 323-324 (citations omitted)[7].]

As reflected in this passage, the *Rains* panel concluded that the plaintiff was entitled to an appeal of right because the trial court's order on the plaintiff's motion to change domicile influenced where the child would live and because the prospective change in domicile would have substantially reduced the defendant's time with the child, potentially causing a change in the established custodial environment. I note that *Rains*, as with *Wardell*, was focused on physical custody. The unremarkable principle that emanates from *Rains* is that while a motion

---

[6] To be clear, the Court in *Wardell* made the observation referenced by the panel in *Rains* in the context of determining whether the *denial of a motion to change custody* affected the custody of a minor; it was not speaking in general terms of a decision resolving just any kind of motion, but rather a custody-based motion.

[7] I note that both the *Wardell* and *Rains* panels included a footnote indicating that even if they had determined that the orders were not appealable of right, they would have nevertheless, in the exercise of discretion and interest of judicial economy, treated the claims of appeal as applications for leave, granted leave, and then proceeded to address the substantive issues. *Rains*, 301 Mich App at 320 n 2; *Wardell*, 297 Mich App at 133 n 1. An argument can be made that the substantive analysis and statements on jurisdiction were rendered nonbinding obiter dicta given the inclusion of these footnotes. See *People v Peltola*, 489 Mich 174, 190 n 32; 803 NW2d 140 (2011) ("Obiter dicta are not binding precedent. Instead, they are statements that are unnecessary to determine the case at hand and, thus, 'lack the force of an adjudication.' ") (citation omitted).

may be framed as one seeking a change of domicile, if granting the motion would effectively result in a change of custody or the established custodial environment, the trial court's postjudgment order either granting or denying the motion is appealable of right pursuant to MCR 7.203(A)(1) and MCR 7.202(6)(a)(iii).[8] The same can be said when a parent or grandparent files a motion for or to modify parenting or grandparenting time, if indeed the nature of the request is such that granting the motion would effectively award custody to a party or alter the custodial arrangement or environment.[9] See *Stevens v Stevens*, 86 Mich App 258, 270; 273 NW2d 490 (1978) ("When the requested [visitation] modification amounts to a change in the established custodial environment, the trial court should not grant such a modification unless it is persuaded by clear and convincing evidence that the change would be in the best interests of the child.").

Once again, the trial court's postjudgment order here did not influence where the minor child would live, and the order did not change, either directly or effectively, the legal or physical custody arrangement; father retained sole legal and physical custody of the child. And the postjudgment motion for grandparenting time did not request, either directly or effectively, a change of legal or physical custody relative to the child, so such a change was not even a possibility.

The Supreme Court's order in *Thurston*, 469 Mich 1009, which was referred to in *Rains*, does not add much to the analysis, in that, it essentially mirrors *Rains*. The *Thurston* order provided in full:

> In lieu of granting leave to appeal, the . . . order of the Court of Appeals is vacated, and the case is remanded to that Court for plenary consideration. MCR 7.302(G)(1). The divorce judgment awarded joint legal and physical custody to both parties, and there was, in fact, an established joint custodial environment under which defendant had nearly daily contact with the children. The . . . order of the Saginaw Circuit Court granting plaintiff's motion for change of domicile does not mention a change of custody, but by permitting the children to be removed by plaintiff to the State of New York, the order is one "*affecting* the custody of a minor[.]" . . . . Therefore, the . . . order is final, and appealable by right. [*Thurston*, 469 Mich 1009 (citations omitted).]

Despite the failure of the plaintiff in *Thurston* to frame the motion as one that also sought a change of custody, an appeal of right still arose because the trial court's order allowing the change of domicile to New York *effectively* changed the custody arrangement. In no way do *Thurston* or *Rains* suggest that *any and all* postjudgment orders on motions for change of domicile are appealable of right; it is only when a domicile motion has the potential of

---

[8] I do appreciate that an "established custodial environment" may differ from a specific custody award set forth in an order, e.g., there can be an order of joint physical custody, yet the established custodial environment could be with just one of the parents. See MCL 722.27(1)(c); *Berger v Berger*, 277 Mich App 700, 707; 747 NW2d 336 (2008).

[9] Of course, if a grandparent effectively seeks custody, it would be necessary for the grandparent to satisfy the criteria in MCL 722.26c regarding actions for custody by third persons.

effectively changing custody or the established custodial environment that an appeal of right is provided. The majority posits that "[i]n *Thurston*, . . . despite the fact that the trial court's order that granted the mother's motion for change in domicile did not alter the award of joint legal and physical custody, the Supreme Court still held that the order was one affecting the custody of a minor." While the short order in *Thurston* may not be entirely clear, I conclude, contrary to the majority's construction of the order, that the *Thurston* Court held that the order changing domicile effectively altered custody. I reach this conclusion given the Court's references to the existing "joint" custody award, the "joint" custodial environment, the failure of the plaintiff to "mention *a change of custody*," and the fact that the defendant had nearly daily contact with the children prior to the change of domicile. *Thurston*, 469 Mich 1009 (emphasis added). Considering that the *Thurston* plaintiff was moving to the State of New York, it is doubtful that the existing custody award was not effectively changed.[10] As stated earlier, father's sole legal and physical custody of the child was not subject to possible divestment or alteration in the lower court proceedings in this case.

The crux of the majority's position on the issue regarding whether father has an appeal of right is as follows:

> A parent has a fundamental right, one that is protected by the Due Process Clause of the Fourteenth Amendment, to make decisions concerning the care, custody, and control of his or her child. It cannot be disputed that a grandparenting time order interferes with a parent's fundamental right to make decisions concerning the care, custody, and control of a child. Although a parent has denied grandparenting time, a grandparent may obtain an order for grandparenting time if the grandparent proves by a preponderance of the evidence that the denial of grandparenting time will create a substantial risk of harm to the child and if the trial court finds by a preponderance of the evidence that a grandparenting time order is in the child's best interests. Because a grandparenting time order overrides a parent's decision to deny grandparenting time, a grandparenting time order interferes with a parent's fundamental right to make decisions concerning the care, custody, and control of his or her child. Thus, where a parent has legal custody of the child, an order regarding

---

[10] I note that a similar situation was recently addressed in *Sulaica v Rometty*, 308 Mich App 568, 576; __ NW2d __ (2014), wherein this Court, after reviewing *Rains*, *Wardell*, and *Thurston*, and consistent with my analysis, held as follows with respect to a jurisdictional challenge under MCR 7.202(6)(a)(iii):

> In this case [involving an underlying order of joint physical custody], the trial court's orders affected the child's domicile *and substantially reduced the amount of time plaintiff can spend with the child as a result of the child's move from Michigan to Florida*. Accordingly, we find that both of the orders from which plaintiff appeals were orders "affecting the custody of a minor" and that they are appealable as of right. [Citations omitted; emphasis added.]

grandparenting time is a postjudgment order affecting the custody of a minor. MCL 7.202(6)(a)(iii). Because father had legal custody of . . . [the child], we hold that the . . . order was a "final judgment" or "final order" under MC[R] 7.202(6)(a)(iii) and, therefore, appealable by right, MCR 7.20[3](A)(1).

I fully agree with the majority that a parent has a fundamental constitutional right under due process principles to make decisions regarding the care, custody, and control of his or her child that is provided heightened protection from governmental interference. *In re Sanders*, 495 Mich 394, 409; 852 NW2d 524 (2014). If I understand its analysis correctly, the majority is concluding that a grandparenting time order entered against a parent's wishes interferes with or affects the parent's fundamental constitutional right to make decisions regarding the care of his or her child, which equates to interfering with or affecting the parent's legal custody for purposes of MCR 7.202(6)(a)(iii). Because "legal" custody "is understood to mean decision-making authority as to important decisions affecting [a] child's welfare[,]" *Grange Ins Co*, 494 Mich at 511, the majority is necessarily of the view that the decision of a parent to disallow grandparenting time constitutes an important decision affecting a child's welfare. Therefore, under the majority's reasoning, the postjudgment order here affected father's legal custody of the child, i.e., his decision-making authority, considering that the order awarded grandparenting time contrary to his decision on the matter.[11] I surmise that part of the majority's logic in finding that a postjudgment, grandparenting time order is one affecting constitutional rights and legal custody may be grounded in the fact that a grandparent is an outside or third party, not simply an opposing parent.

I respectfully disagree with the majority's analysis, because it reflects an overly-broad construction of MCR 7.202(6)(a)(iii) that is not consistent with the language of the court rule, thereby undermining our Supreme Court's intent. It is well-accepted and beyond reasonable dispute that there are three custodial classifications related to both the physical and legal custody of a child – (1) no custody, (2) sole custody, and (3) joint custody. See MCL 722.27(1)(a) (court may "[a]ward the custody of the child to 1 or more of the parties involved"); MCL 722.26a (joint custody). Keeping this in mind, when MCR 7.202(6)(a)(iii) speaks of a postjudgment order "affecting the custody of a minor," it is necessarily concerned solely with orders that address motions that had effectively sought to change custody, because the *custody* of a minor would not be *affected* in deciding motions unrelated to altering a custodial classification and arrangement. If a parent has sole legal custody, and a motion is filed for straightforward parenting or grandparenting time, the postjudgment order resolving the motion cannot be an order "affecting the custody of a minor," MCR 7.202(6)(a)(iii). This is true given that "custody" was not in dispute and could only be affected had a possibility existed that the parent's sole legal custody would be modified in a manner that left the parent with "no" or "joint" legal custody. When, in light of the nature of a motion filed by a party, a postjudgment dispute will definitively result in

---

[11] Although not expressly discussed by the majority, it would appear, given the majority's analysis and reasoning and its acceptance of the principles in *Wardell* and *Rains*, that it would have allowed Deborah and James Granneman (grandparents) an appeal of right had the trial court denied their motion for grandparenting time.

no change of custody, as between the three recognized custodial classifications, the ultimate order will simply never affect custody.

The majority is advocating in favor of an appeal of right, not with respect to postjudgment orders affecting custody as set forth in MCR 7.202(6)(a)(iii), but in regard to postjudgment orders affecting the exercise of custodial rights, affecting the parameters of earlier custody awards, or affecting decisions made in relationship to having custody of a child, *which do not reach the level of potentially changing custody, i.e., affecting the custody of a child.* The majority's reasoning thus opens a Pandora's box for litigants to argue that an appeal of right exists in cases intended to be appealable only by application for leave, merely because custody-related rights, parameters, and decisions, but not custody changes, were litigated.[12] While the postjudgment order in this case may have affected or interfered with father's decision to disallow grandparenting time, it did not affect or potentially affect his legal custody of the minor. Father retained sole legal custody of his child, and he was never in danger of losing sole legal custody.

Again, MCR 7.202(6)(a)(iii) only mentions custody, absent any reference to parenting time, grandparenting time, or visitation; therefore, I am convinced that our Supreme Court did not intend to extend appeals of right to postjudgment visitation orders or any other orders that did not address efforts to change custody.[13] In sum, I conclude, in the simplest of terms, that postjudgment custody decisions are appealable of right under MCR 7.203(A)(1) and MCR 7.202(6)(a)(iii), and that postjudgment grandparenting and parenting time decisions are appealable by applications for leave to appeal under MCR 7.203(B). I would therefore dismiss father's appeal for lack of jurisdiction under MCR 7.203(A). Accordingly, I respectfully dissent.

/s/ William B. Murphy

---

[12] Under the majority's analysis, any and all subsequent motions regarding any type of modification to the existing grandparenting time award will be appealable of right.

[13] The majority's opinion could be interpreted as suggesting that had this case simply involved a parent seeking parenting time, an application for leave would have been required. I am not prepared to recognize a dichotomy wherein grandparents seeking grandparenting time have an appeal of right if their postjudgment motion is denied, but the only avenue for relief as to a parent who is denied a request for parenting time is an application for leave. This would improperly elevate the appellate rights of grandparents relative to a minor over the rights of the minor's parents.